JOHN BOHLEBER, Appellant, *v.* AUGUST WAELDEN and CHARLES SCHMIDT, Respondents.

1. EQUITY — REDEMPTION OF ASSIGNED LIFE INSURANCE POLICY. An action in equity to redeem an assigned life insurance policy, payable to the insured's estate, and to compel a reassignment thereof upon payment of all lawful advances made upon it, is maintainable by the insured, against his assignee of the policy under a qualified assignment "as interest may appear" and a third party holding an absolute assignment from the first assignee, given for a nominal and other consideration as alleged, where the consideration for the original assignment is shown to have been an oral agreement by the assignee to support the plaintiff from that time on, and he has ceased and does not offer to do so, although he is not shown to have actually refused in terms to perform, and the plaintiff shows, in explanation of why the words "as interest may appear" were placed in the original assignment, that the agreement between the parties was that the assignee was to receive from the proceeds of the policy such sums as he might advance in supporting the plaintiff.

    *Bohleber* v. *Waelden*, 80 Hun, 349, reversed.

(Argued June 19, 1896; decided October 20, 1896.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, entered August 28, 1894, which reversed a judgment in favor of plaintiff entered

upon a decision of the court on trial at Special Term and granted a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Fernando Solinger* for appellant. The plaintiff's remedy is by bill to redeem, or for cancellation of the instrument. (*Barnes* v. *Barnes*, 20 D. C. 481; *Kusch* v. *Kusch*, 143 Ill. 353; *Schell* v. *Plumb*, 55 N. Y. 593.) The defense that the plaintiff has an adequate remedy at law is one that the defendants cannot avail themselves of, for the reason that they had failed to plead that defense in their respective answers. (*Town of Mentz* v. *Cook*, 108 N. Y. 504–508; *Hollister* v. *Stewart*, 111 N. Y. 644–659; *Hawes* v. *Dobbs*, 137 N. Y. 465; *Dudley* v. *Congregation of St. F.*, 138 N. Y. 451; *Lough* v. *Outerbridge*, 143 N. Y. 271.) The words in the assignment executed by the plaintiff, "as interest may appear," have a well-established and definite meaning; they mean that it was intended that the assignment should not be an absolute one, and as they are written in a printed blank they should control. (*Richards* v. *Crocker*, 66 Hun, 629; *Hill* v. *Miller*, 76 N. Y. 32; *Clark* v. *Woodruff*, 83 N. Y. 518; 2 Parsons on Cont. [6th ed.] 516.) It was sufficient to prove that there was a substantial and practical failure and refusal to support and maintain the plaintiff; he was not bound to seek compulsory support and maintenance, which should have been given him kindly, voluntarily and freely. (*Barnes* v. *Barnes*, 20 D. C. 481.) The policy is payable to the estate of the plaintiff; consequently, he is the sole beneficiary. (*Lane* v. *Demets*, 59 Hun, 462.) The claim of the defendant Schmidt makes him the author of an unconscionable agreement, while the defendant Waelden has shown no facts which create an estoppel. (69 Hun, 79.) The offer of the complaint to reimburse Schmidt for his outlays was proper. This is a bill to redeem, and a tender before suit was unnecessary. (*Quinn* v. *Brittian*, Hoff. Ch. 353; *Casserly* v. *Witherbee*, 119 N. Y. 528; *Beach* v. *Cooke*, 28 N. Y. 535; *Widmayer* v. *Widmayer*,

76 Hun, 251; *Wheeler* v. *Billings*, 72 Fed. Rep. 301–304; *Hooker* v. *Rochester*, 59 Hun, 616; 126 N. Y. 635; *Pitt* v. *Davison*, 37 Barb. 97; *Dart* v. *McAdam*, 27 Barb. 187.)

*S. T. Maddox* for respondents. The policy of insurance was a chose in action; was personal property, though of a limited character, and up to the time of the assignment to Schmidt, a part of the assets of Maria Bohleber and her property. (*In re Knoedler*, 140 N. Y. 377; *Harvey* v. *Van Cott*, 71 Hun, 394; *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 143.) The beneficiary, Maria Bohleber, had authority and full power to assign the policy, provided her husband consented, which he did by joining in the execution of the assignment. (Laws of 1879, chap. 248; *Anderson* v. *Goldsmidt*, 103 N. Y. 617; *Frank* v. *M. L. Ins. Co.*, 102 N. Y. 274.) The reversal at General Term was proper. (*Tooker* v. *Arnoux*, 76 N. Y. 400; *Goodwin* v. *Griffis*, 88 N. Y. 639; *Neudecker* v. *Kohlberg*, 81 N. Y. 302; *Herrick* v. *Starkweather*, 54 Hun, 537; *Wilson* v. *Deen*, 74 N. Y. 531–535; *Bryant* v. *Bryant*, 42 N. Y. 17; *Gerding* v. *Haskin*, 57 N. Y. S. R. 719.)

BARTLETT, J. The plaintiff in April, 1877, took out a policy on his life in the Equitable Life Assurance Society of the United States, payable to his wife if living, and if not living to his children, and if no children to his estate.

On the 14th of December, 1889, the plaintiff and his wife assigned the policy to the defendant Schmidt, in consideration of his oral agreement to support and care for them from that time on. This assignment was not absolute, but was to Schmidt " as interest may appear."

The agreement between the parties was that Schmidt was to receive from the proceeds of the policy such sums as he might advance in supporting plaintiff and his wife.

From December 14th, 1889, until the month of September, 1890, the plaintiff was furnished food by the defendant Schmidt, and for four months of that time plaintiff's wife was furnished

food until the time of her death, April 29th, 1890    During the period the defendant Schmidt so furnished food to the plaintiff the latter worked for the former, rendering services that were worth eight dollars a week, and for which he received no compensation.    The defendant Schmidt ceased to support the plaintiff after September, 1890, and did not offer to do so, although plaintiff was ill, old and destitute, and without any other property than the policy in question.

On the 28th of March, 1892, and eighteen months after he had ceased to support plaintiff, the defendant Schmidt made an absolute assignment of the policy to the defendant Waelden for a dollar and other valuable consideration as alleged.

With this state of affairs existing, the plaintiff, a widower and childless, brought this action to redeem the policy, offering to pay the sums lawfully advanced upon it, and praying that it then be assigned to him.

The Special Term granted the relief prayed for, but the General Term reversed the judgment upon the ground that the record disclosed no refusal to support; that this was an action to cancel an instrument and there was neither allegation nor proof of fraud or mistake.

The suggestion was made that the remedy might be an action for specific performance, or a legal action for damages.

We are of opinion that the learned General Term misapprehended the character of this action and the nature of Schmidt's title to the policy, which was qualified and not absolute as assumed by the court below.

This is an action to redeem and is the only adequate remedy open to the plaintiff.    The cancellation of the assignments of the policy to the defendants is a mere incident in this action.; its principal object is to secure to the plaintiff a reassignment of the policy of insurance on payment of such amount as the trial court should find justly due.

The facts in this case are very simple and disclose a palpable effort to overreach an aged, penniless and sick man, and deprive him of the only property he possessed and upon which he depended for support in his declining years.

Since the year 1877 the plaintiff has personally, or with the aid of friends, raised most of the premiums on this policy, paying out in the aggregate a sum exceeding one thousand dollars. On the other hand, the defendant Schmidt has paid only one hundred and thirty-five dollars in premiums.

The trial court was fully justified in accepting the plaintiff's very reasonable version of the transaction and in rejecting the explanation of the defendant Schmidt as to how he became possessed of the policy, which was to the effect that the plaintiff gave it to him outright because he had done so much for him in the past, and for the further reason that plaintiff could no longer keep up the payment of premiums.

There was no effort to state in detail what he (Schmidt) had done for this plaintiff that should lead him to divest himself of the only property he possessed in his old age by a voluntary gift.

As to the absolute assignment of the policy from defendant Schmidt to defendant Waelden, it is sufficient to say that the only interest Schmidt had in the policy was to the extent of his advances, and he could convey to Waelden no better title than he had.

The explanations of the defendants at the trial in this connection are not material for the reason just stated, but it is impossible to read them without being confirmed in the conviction that the plaintiff has suffered great injustice at the hands of these defendants.

Schmidt stood in a *quasi* trust relation to the plaintiff and rested under the continuing obligation to support him, and the proof of his actual refusal in terms to perform his contract was not essential.

The fact that he neglected to perform his contract, and sought to confer upon a stranger, under most suspicious circumstances, the absolute title to the policy which he only held as security, justified the intervention of a court of equity.

It was competent for plaintiff to explain why the words

" as interest may appear," were placed in his assignment of the policy to Schmidt, and under the agreement as found Schmidt could enforce against the policy only the amount of his advances.

We are satisfied with the disposition of this case made by the Special Term, and think justice will be done between these parties by affirming that judgment in all respects.

The judgment of the General Term should be reversed and the judgment of the Special Term affirmed, with costs.

All concur, except ANDREWS, Ch. J., absent, and GRAY, J., who dissents on ground that the complaint seeks to cancel a deed of assignment, absolute in terms, upon the ground that it was made upon a collateral promise of the assignee, and such was plaintiff's evidence. It is not alleged in the bill, nor found as a fact, that this assignment was made through any mistake, or as the result of any fraud practiced, and equity does not relieve from the effect of such an instrument, unless the demand for relief can rest upon one of those grounds. An oral contemporaneous stipulation, not embraced in the writing, is ineffectual to control its effect. ( *Wilson v. Deen,* 74 N. Y. 531; *Nevius* v. *Dunlap,* 33 N. Y. 676.) The use of the words " as interest may appear," is not explained anywhere in the evidence, and as there was no indebtedness to the assignee and the assignment was absolute in terms, their meaning is mere matter of speculation.

Judgment accordingly.