(29 Misc. Rep. 143.)

### UPSHAW v. MUTUAL LOAN ASS'N.

(Supreme Court, Appellate Term. October 4, 1899.)

1. PLEDGE OF INSURANCE POLICY—DEBTS SECURED.
   Where a wife made a general and absolute assignment of an insurance policy in her favor on her husband's life, as collateral for a loan, and the pledgee afterwards advanced an additional sum on the policy to her husband on his application alone, the policy is collateral for both loans.

2. PAYMENT UNDER DURESS.
   There can be no duress in the payment of money, where the party to whom payment was made was entitled to all he demanded.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Eda T. Upshaw against the Mutual Loan Association. From a judgment for defendant, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Flemming & Shoup, for appellant.
Jacob M. Guedalia, for respondent.

PER CURIAM. On the following state of facts, the plaintiff seeks to recover the sum of $75 from the defendant: The plaintiff was the beneficiary named in an insurance policy on the life of her husband. For the purpose of securing a loan of $300 from the defendant, she executed to it an assignment of her interest in the policy. The loan was thereupon made. Subsequently, on the application of the husband alone, the defendant made a further advance of $75. On the death of the husband the plaintiff tendered the sum of $300, and demanded the return of the policy. This was refused on the ground that the policy was collateral for both loans. The additional $75 was then tendered under protest. The defendant still refused to return the policy, and insisted on an unconditional tender. Payment of $375 was then made, without protest or qualification, and the policy delivered. This action is brought to recover the $75, as having been paid under duress.

On the proof, we are satisfied that the justice's finding in favor of the defendant should not be disturbed. The plaintiff admits that the defendant advanced $375. Its right to refuse delivery of the policy until the repayment of that sum is dependent on the nature of the assignment. That instrument was not placed in evidence, and its contents were proved without objection by oral evidence. From that it appears that it was a general and absolute

assignment, and not limited to the first loan. Under those circumstances, the policy was a collateral for both loans. The plaintiff sought to prove an oral, extraneous agreement restricting the security to the first loan. Even conceding the admissibility of the testimony, it gave rise to a conflict, which, in our opinion, was properly resolved in favor of the defendant. It thus having been found that the defendant was entitled to all it demanded, there could obviously be no duress. The judgment should be affirmed.

Judgment affirmed, with costs to respondent.