action was brought for work, labor, and services performed, whereas it should have been for damages for breach of contract, and the order of reversal awarded to the defendant, costs to abide the event. Nicoll v. Lloyd, 26 Misc. Rep. 799, 56 N. Y. Supp. 178. Upon the second trial the justice, against the defendant's objection and exception, permitted the complaint to be amended so as to demand damages for breach of contract, no terms being imposed as a condition of such amendment. This was error. The defendant should, at least, have been allowed the costs of the former appeal. The plaintiff appeals upon the ground that the amount of damages awarded by the justice was manifestly inadequate under the evidence. In this he is clearly right, assuming that the plaintiff is entitled to damages at all. In fact, it would seem that the amount for which judgment was awarded must have been inserted by an inadvertence.

Upon both appeals the judgment must be reversed, and a new trial granted, but without costs to either party.

---

### CRAVEN v. LOUISVILLE & N. R. CO.

(Supreme Court, Appellate Term. January 10, 1901.)

APPEAL AND ERROR—MATERIAL ALLEGATIONS—FAILURE TO PROVE—MOTION TO DISMISS COMPLAINT—SPECIFICATION OF OBJECTIONS—WAIVER.

Where defendant did not move to dismiss the complaint at the close of the whole case, or at any other stage of the trial, except for want of jurisdiction, the objection that the proof failed to sustain material allegations of the complaint cannot be raised on appeal.

Appeal from municipal court, borough of Manhattan.

Action by Martin William Craven against the Louisville & Nashville Railroad Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Strong & Cadwalder (W. W. Thompson, of counsel), for appellant.

House, Grosman & Vorhaus (Louis J. Vorhaus and Joseph Fischer, of counsel), for respondent.

PER CURIAM.[1] The action is to recover damages for the loss of the plaintiff's baggage in a wreck caused by the derailment of part of a train belonging to, and operated by, the defendant. It is urged by the appellant's counsel that the proof fails to show either the destruction of the respondent's property, or that it was lost through the negligence of the appellant. But as no motion was made by the appellant at the close of the whole case, or at any other stage of the trial, to dismiss the complaint, except on the ground that the court below had no jurisdiction of the action because it was a foreign corporation, the appellant, by failing to base his motion

[1] Opinion rendered by the Associate Justices after the death of Presiding Justice BEEKMAN.

upon other grounds, conceded that there were issues of fact to be determined. Rusher v. Brennan, 29 Misc. Rep. 143, 60 N. Y. Supp. 283. If we may be permitted, however, to pass upon the facts, we think there was sufficient evidence adduced upon the trial to warrant the justice in finding, as is assumed from the judgment, that the baggage in suit was lost as the result of an accident, and that such accident was solely due to the negligence of the appellant. The court of appeals having decided in Worthington v. Accident Co., 164 N. Y. 81, 58 N. E. 102, that the municipal court of the city of New York has jurisdiction over foreign corporations, the argument of the appellant's counsel has been confined to the merits of the case. After carefully considering the record, we are of the opinion that the judgment is right, and hence that it should be affirmed, with costs.

Judgment affirmed, with costs.