JOSEPH SEEMAN et al., Appellants, v. LOUIS LEVINE et al.,
Respondents.

Trial — Municipal Court Act (L. 1902, ch. 580) — effect of failure of defendant, in action in Municipal Court, to move for nonsuit or a dismissal of the action.

Section 240 of the Municipal Court Act (L. 1902, ch. 580) provides: "On the trial of all causes in the municipal court, the mode of conducting the trial, the rules of evidence, the examination and the swearing of the jury, shall be the same as prevail in courts of record." Sections 248 and 249 of that act permit motions for a nonsuit and for a dismissal on the merits; hence a defendant in an action in that court by failing to move for a nonsuit or a dismissal of the action, concedes that issues of fact were created by the evidence, and precludes himself from asking the appellate courts to determine that a judgment of the trial court was wholly without support in the evidence.

*Seeman* v. *Levine*, 140 App. Div. 272, reversed.

(Argued May 14, 1912; decided June 4, 1912.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered October 21, 1910, which reversed a determination of the Appellate Term affirming a judgment of the Municipal Court of the city of New York in favor of plaintiffs and directed judgment for defendants.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Clarence McMillan* for appellants.

*M. Spencer Bevins* and *Philip Cohen* for respondents.

COLLIN, J.    The action is upon an undertaking executed by the defendants to the plaintiffs under section 85 of the Municipal Court Act of New York city (Laws of 1902, chap. 580). The plaintiffs, creditors of one Chill, had attached, as the property of Chill, a stock of goods and merchandise, which was claimed by the defendant Levine.

The defendants, in order that Levine might receive the property from the marshal, gave the undertaking, which was conditioned, in conformity to said section 85, that, in an action thereon to be commenced within three months thereafter, Levine would establish that he was the general owner of the property at the time of the seizure under the attachment, or failing therein would pay the plaintiffs the value of it. Under the pleadings and the evidence, the question at issue was, did the defendant Levine own the property at the time of its seizure in the attachment proceeding. The Municipal Court decided that he did not and gave a judgment for the plaintiffs which the Appellate Term of the Supreme Court affirmed and which the Appellate Division, upon an appeal by permission, granted under section 1344 of the Code of Civil Procedure, reversed, and from the order of reversal the plaintiffs by permission granted under section 191, subdivision 1, of the Code of Civil Procedure, have appealed to this court. As it does not appear in the order that the reversal was upon the facts, it must be presumed that the order was not reversed upon a question of fact, but upon the law only. (Code Civ. Pro., section 1338; *Fritz* v. *Tompkins*, 168 N. Y. 524.) We are to determine whether the record submitted to the Appellate Division and to us presents an error of law which justified the reversal. If it does not, it is our duty to reverse the order appealed from and to reinstate the determinations of the lower courts.

The plaintiffs throughout the litigation have invoked chapter 722 of the Laws of 1907 (now section 44 of the Personal Property Law), which contained the provisions: "The transfer of any portion of a stock of goods, wares or merchandise otherwise than in the ordinary course of trade, in the regular and usual prosecution of the transferror's business, or the transfer of an entire such stock in bulk, shall be presumed to be fraudulent and void as against the creditors of the transferror, unless the pro-

posed transferee shall, at least five days before the transfer, in good faith, make full and explicit inquiry of the transferror as to the names and addresses of each and all of the creditors of the transferror, and unless such transferee shall at least five days before the transfer in good faith notify or cause to be notified of the proposed transfer personally or by registered mail each of the creditors of the transferror of whom such transferee has knowledge, or can with the exercise of reasonable diligence acquire knowledge;" and also the section of the Personal Property Law, formerly section 25, now section 36, providing as follows: "Every sale of goods and chattels in the possession or under the control of the vendor, * * * unless accompanied by an immediate delivery followed by actual and continued change of possession, is presumed to be fraudulent and void as against all persons who are creditors of the vendor or person making the sale or assignment, including all persons who are his creditors at any time while such goods or chattels remain in his possession or under his control or subsequent purchasers of such goods and chattels in good faith; and is conclusive evidence of such fraud, unless it appear, on the part of the person claiming, under the sale or assignment, that it was made in good faith, and without intent to defraud such creditors or purchasers."

Upon the trial, which was by the court without a jury, the plaintiffs introduced in evidence the judgment roll in the action in favor of the plaintiffs and against Chill in which the attachment was issued, and the undertaking, and rested. The defendants introduced in evidence a bill of sale of the stock of goods and merchandise and the fixtures of the store in which they were, executed by one Sakouf to Levine and gave testimony tending to show that Sakouf was at the time of its execution in possession of them and that the defendant Levine purchased them in good faith, paid to Sakouf their value and went into possession of them. The plaintiffs by their cross-exam-

ination of the defendant Levine and by way of rebuttal produced evidence showing that Sakouf purchased the property of Chill; that Chill had creditors other than the plaintiffs; that Sakouf did not in any respect comply with the requirements of said chapter 722, and tending to show, as they claim, that Sakouf did not purchase the property in good fath; that there was not between Chill and Sakouf an immediate delivery followed by actual and continued possession; that the defendant Levine had notice of the alleged invalidity of the title of Sakouf; that Sakouf had creditors and Levine did not attempt to acquire knowledge of the names and addresses of Chill's or Sakouf's creditors or notify them of the proposed transfer to him. At the close of the entire evidence, the defendants did not ask that the plaintiffs be nonsuited or that the action be dismissed on the merits. The Municipal Court Act permitted either motion. (Sections 248, 249.) Nor did they move, under section 254 of the act, for a new trial. Section 240 of the act provides: "On the trial of all causes in the municipal court, the mode of conducting the trial, the rules of evidence, the examination and the swearing of the jury, shall be the same as prevail in courts of record." The defendants, by failing to move for a nonsuit or a dismissal of the action, conceded that issues of fact, to be determined by the trial court, were created by the evidence and precluded themselves from asserting and asking the appellate courts to determine that the judgment of the trial court was wholly without support in the evidence. (*Hopkins* v. *Clark*, 158 N. Y. 299; *City of Buffalo* v. *N. Y., L. E. & W. R. R. Co.*, 152 N. Y. 276; *Kafka* v. *Levensohn*, 18 Misc. Rep. 202; *Craven* v. *Louisville & Nashville R. R. Co.*, 33 Misc. Rep. 789.) It follows, therefore, that the record presented to the Appellate Division no question of law other than those raised by the exceptions to the rulings upon evidence. (*McKinley* v. *Hessen*, 202 N. Y. 24; *Birkett* v. *Nichols*, 184 N. Y. 315.) While the defend-

ants assert in their brief that all of the evidence on behalf of the plaintiffs was incompetent and immaterial, they do not urge the consideration of any specific ruling and a scrutiny of each ruling does not disclose any error prejudicial to them.

The order appealed from should be reversed and the judgment of the Municipal Court and the determination of the Appellate Term affirmed, with costs in both courts.

CULLEN, Ch. J., HAIGHT, WERNER, WILLARD BART-LETT, HISCOCK and CHASE, JJ., concur.

Order reversed, etc.