(85 Misc. Rep. 354)

### RUGEN v. MULVIHILL.

(Supreme Court, Appellate Term, First Department. May 7, 1914.)

FRAUDULENT CONVEYANCES (§ 271*)—SALES—VALIDITY.

Where a purchaser of a stock of goods made inquiry of the seller as to the names of his creditors, and required him to produce receipted bills before the purchase price was paid, the presumption of fraud arising under Personal Property Law (Consol. Laws, c. 41) § 44, declaring that the transfer of a stock of goods in bulk shall be presumed fraudulent as against the creditors of the transferror unless the proposed transferee shall make inquiry as to the names of such creditors, etc., was rebutted upon a further showing that a reasonable price was paid, and the sale was valid, though the seller concealed the names of some of his creditors, for both parties must participate in the intent to defraud to render the sale void.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 796–798, 821; Dec. Dig. § 271.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Herman Rugen against Matthew Mulvihill. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

John C. Hoenninger, of New York City (Benjamin F. Donovan, of New York City, of counsel), for appellant.

James S. Mahon, of New York City, for respondent.

PAGE, J. The defendant is a marshal of the city of New York. The action was brought to recover money paid by plaintiff to the defendant under duress of legal process. The plaintiff was informed by Mr. Neuman, manager of the Peter Doelger Brewing Company, that Arthur Ward desired to sell his saloon. On the same day plaintiff received the information, he called upon Mr. Ward and entered into negotiations for the purchase of the saloon. Ward and plaintiff met the following day at the brewery, and in the presence of Mr. Neuman an agreement was made for plaintiff to purchase the stock and fixtures for the sum of $2,800 in cash and assume a chattel mortgage for about $6,000. On Mr. Neuman's request, Mr. Ward gave him a list that he stated contained the names of all his creditors. A bill of sale was then prepared. Plaintiff was given immediate possession of the store, the $2,800 was paid by plaintiff to Neuman, who gave Ward sufficient money to pay the creditors, and retained the remainder, to be paid over to Ward when he should produce the receipted bills showing payment in full of his indebtedness. This was done and the remainder paid over. It afterwards appeared that Ward owed the Lawson Wilson Company for merchandise for which a judgment was recovered the day before the sale to plaintiff. Ward did not mention this debt to plaintiff. Execution was issued three days after the sale, and the defendant levied upon the stock and fixtures of the saloon. To release the levy under duress of this execution, the plaintiff paid the judg-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment under protest, and now sues to recover the money thus paid. The complaint was dismissed.

The learned trial judge excluded all evidence of the value of the stock of goods sold and as to the portion of the consideration that was paid for the stock. In this I am of opinion that he erred. The adequacy of the price paid is an essential element in determining the bona fides of the sale. If the plaintiff had been allowed to prove that he paid a fair and reasonable price for the goods sold, with the other evidence that was received, I am of opinion that he would have overcome the presumption against the bona fides of the sale which was invoked by reason of the provisions of section 44 of the Personal Property Law. The transferee (the plaintiff herein) did in good faith make inquiry of the transferror as to the names of his creditors, a list was given, money advanced to pay them, and the consideration was not paid over until receipted bills were produced which showed that there were no creditors. The transferee is required by the statute to make inquiry of the transferror. This he did, and satisfactory proof was adduced showing that all the creditors whose names were on the list had been paid, and therefore there were none to be notified. Seeman v. Levine, 140 App. Div. 272, 275, 125 N. Y. Supp. 184, reversed on other grounds 205 N. Y. 514, 99 N. E. 158.

An intent to defraud must be evident on the part of both transferror and transferee. The sale of goods in bulk without compliance with the terms of the statute raises a presumption of fraudulent intent on the part of the transferee, which, if not overcome by proof, becomes conclusive. In the case at bar the transferee, in so far as he was permitted to do so by the court, showed his good faith in the transaction, and that he had no intent to defraud the creditors of Ward, but provided for the payment of their debts. If the transferror made a false statement, a penalty is provided in subdivision 2 of section 44.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.