The People of the State of New York, Respondent,
　　　　v. Abraham Wendel, Appellant.

**Public Health Law — amendment making it unlawful to keep food in cold storage warehouse for a longer period than ten months — food in storage when amendment took effect.**

The amendment to section 337 of the Public Health Law (L. 1914, ch. 414), making it unlawful for any person placing food in a cold storage warehouse to keep it in storage for a longer period than ten months is not retroactive, and hence it does not apply to food in cold storage when the amendment took effect.

*People* v. *Wendel*, 170 App. Div. 960, reversed.

(Argued January 24, 1916; decided February 22, 1916.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 22, 1915, which reversed a judgment of the Court of Special Sessions of the city of New York sustaining a demurrer to an information charging the defendant with a violation of section 337 of the Public Health Law.

The appellant was charged in the Court of Special Sessions of New York city with having violated section 337 of the Public Health Law, as amended by chapter 414, Laws of 1914, by placing food, *i. e.*, pigs' feet, in a cold storage warehouse, and keeping the same there for more than ten calendar months. Prior to the amendment made by chapter 414, Laws of 1914, section 337 of the Public Health Law had relation only to the proprietors of cold storage warehouses, but the amendment extended the scope of the section to any person placing food therein to be kept in storage.

The section with the amendment shown in italics reads as follows: "Section 337. It shall hereafter be unlawful for any person, corporation or corporations, engaged in the business of cold storage warehousemen or refrigerat-

ing, *or for any person placing food in a cold storage warehouse,* to keep in storage for preservation or otherwise any kind of food or any article used for food a longer period than ten calendar months, excepting butter products which may be kept in said cold storage or refrigeration twelve calendar months."

The defendant, the owner of the pigs' feet, had placed them in the warehouse on November 28, 1913. They were there on April 17, 1914, when the amendment took effect, and they remained in the warehouse until November 9, 1914, when the information against the defendant was filed by the district attorney.

The defendant demurred to the information on the ground that the amendment of April, 1914, applied only to goods kept in storage for more than ten months after the amendment took effect, and the demurrer was sustained. At the Appellate Division the demurrer was overruled and a decision rendered reversing the judgment of the Special Sessions. The case comes to this court on the appeal of the defendant under the provisions of section 40 of the Inferior Courts Act.

*George P. Foulk* for appellant. The amendment took effect April 17, 1914, and will not be given a retroactive effect so as to count any time prior to the passage of the amendment as a part of the ten calendar months. (*People ex rel. Provident, etc., Society* v. *Miller,* 179 N. Y. 227; 88 App. Div. 218; *Rhodes* v. *S. & H. Co.,* 193 N. Y. 223; *Stevenson Brewing Co.* v. *Blaney,* 22 App. Div. 525; *N. Y. & O. M. R. R. Co.* v. *Van Horn,* 57 N. Y. 477; *People ex rel. P. Society* v. *Miller,* 179 N. Y. 227; *G. & W. R. R. Co.* v. *N. Y. C. & H. R. R. R. Co.,* 163 N. Y. 228; *Grief* v. *B., L. & R. R. Co.,* 205 N. Y. 249.)

*Edward Swann, District Attorney* (*Joseph A. Warren* and *Robert S. Johnstone* of counsel), for respondent.

The judgment is not appealable as a matter of right. The appeal should, therefore, be dismissed. (*People* v. *Zerillo,* 200 N. Y. 443; *People* v. *Trezza,* 128 N. Y. 529; *People* v. *Johnston,* 187 N. Y. 319; *People* v. *Mullen,* 66 Misc. Rep. 476; *People* v. *Cook,* 45 Hun, 34; *People* v. *Crane,* 214 N. Y. 154; *People* v. *Ekerold,* 211 N. Y. 386; *People* v. *Hammerstein,* 150 App. Div. 212; 155 App. Div. 204.)   The statute as amended was properly construed and applied. (*People* v. *Finkelstein,* 167 App. Div. 591; *Shevlin-Carp. Co.* v. *Minnesota,* 218 U. S. 57, 68; *Ross* v. *Oregon,* 227 U. S. 150; *K. U. Co.* v. *Kentucky,* 219 U. S. 140; *Society, etc.,* v. *Wheeler,* 22 Fed. Cas. 756.)

Cuddeback, J. The determination of the Appellate Division overruling the defendant's demurrer is appealable to this court. (*People* v. *Hammerstein,* 211 N. Y. 552.)

Counsel for the appellant contends that the amendment of April 17, 1914, made to section 337 of the Public Health Law does not apply to food in cold storage when the amendment took effect. To give it such application is to make the amendment retrospective in its operation, and that is contrary to the well-settled rule of statutory construction. (*Rhodes* v. *Sperry & Hutchinson Co.,* 193 N. Y. 223.)

As opposed to this contention, the district attorney argues that the defendant's offense, with reference to the amendment, was wholly prospective. It was not unlawful for the defendant to have the pigs' feet in cold storage at the time the amendment took effect, and he did not violate the law until several months thereafter. It was not until the expiration of ten months after November 28, 1913, the date when the defendant first put the pigs, feet in cold storage, that he violated the law. He then became an offender for keeping in cold storage certain articles of food, which had already been in cold storage

for ten months. It was not necessary to make out this offense that the antecedent period of ten months' storage, or any part thereof, should have been unlawful.

I think the argument of the district attorney is faulty. The allegations of the information against the defendant are that on the 28th day of November, 1913, he placed the pigs' feet in cold storage and unlawfully kept them there for a longer period of time than ten calendar months. These facts constituted his offense, and their mere statement shows that the district attorney is attempting to enforce the amendment retrospectively.

While placing the food in cold storage on November 28, 1913, was entirely lawful, yet under the amendment, thereafter made to the statute, such storage, continued without any further act on the part of the defendant, became unlawful. It is, not correct to say that the defendant's offense was wholly after the amendment. He could not have committed the offense at or near the time the information was filed if he had not had the pigs' feet in cold storage at and prior to the time of the amendment of the statute. Such storage became in the end an integral part of the defendant's offense, as alleged in the information.

The court has said: " It is always to be presumed that a law was intended, as is its legitimate office, to furnish a rule of future action to be applied to cases arising subsequent to its enactment. A law is never to have retroactive effect, unless its express letter or clearly manifested intention requires that it should have such effect. If all its language can be satisfied by giving it prospective operation, it should have such operation only." (*N. Y. & O. M. R. R. Co.* v. *Van Horn,* 57 N. Y. 473, 477.)

If the legislature had intended that the amendment to section 337 of the Public Health Law should apply to owners having property in cold storage at the time the amendment took effect, it should have so declared and have provided a reasonable time thereafter for compliance

with its provisions. (*Sohn* v. *Waterson*, 17 Wall. 596; *Gilbert* v. *Ackerman*, 159 N. Y. 118; *Jaehne* v. *New York*, 128 U. S. 189.)

I recommend that the judgment appealed from be reversed, and demurrer to information sustained.

WILLARD BARTLETT, Ch. J., HISCOCK, HOGAN AND POUND, JJ., concur; CHASE and CARDOZO, JJ., dissent.

Judgment reversed, etc.