# COURT OF APPEALS.

## July 11, 1916.

## THE PEOPLE v. LAZAR BRESLER.

### (218 N. Y. 567.)

APPEAL—QUESTIONS NEITHER URGED NOR CONSIDERED IN THE COURT BELOW WILL NOT BE CONSIDERED FOR PURPOSES OF REVERSING A JUDGMENT BY THE COURT OF APPEALS—CRIMES—TRIAL OF DEFENDANT FOR UNLAWFULLY SELLING A DRUG UNDER A PRESCRIPTION THAT DID NOT CONFORM TO THE STATUTE*—DEFENSE NOT RAISED AT THE TRIAL OR BROUGHT UP IN THE RECORD.

1. For the purpose of reversing a judgment the Court of Appeals will not consider a question which was neither urged nor considered in the court below. Nor has it the power to reverse a judgment on the ground that there is no evidence to sustain the verdict or decision where the question is not raised by an exception even if it has general jurisdiction of the appeal.

2. Upon the trial of defendant on a charge of unlawfully selling a drug on a prescription which did not conform to the statutory requirements, the proof was that defendant had " compounded and dispensed " the drug. It is here claimed by the defendant that compounding and dispensing a prescription is not the sale at retail or giving away of the drugs included therein, and, therefore, is not a violation of the statute (Public Health Law, § 246; L. 1914, ch. 363). This question not having been presented or considered at the trial, it is not brought up by the record in a way to permit of its consideration in this court.

(People v. Bresler, 170 App. Div. 897, affirmed.

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 9, 1915, which affirmed a judgment of the Court of Special Sessions of the city of New York convicting the defendant of a violation of section 246 of the Public Health Law.

*Moses T. Barrows* and *Benjamin Jaffe,* for appellant.

---

* See Notes, Vol. 28, p. 55; 35, p., 25.

*Edward Swann, District Attorney* (*Robert S. Johnstone* and *John G. Dyer,* of counsel), for respondent. There is no basis for the invocation of the jurisdiction of this court. The lack of exceptions precludes a reversal. (People v. Shattuck, 194 N. Y. 624; People v. Huson, 187 N. Y. 97; People v. Sherlock, 166 N. Y. 180; People v. Cummins, 209 N. Y. 283; Cardozo on Juris. of Court of Appeals, §§ 25, 51; People v. Grossman, 168 N. Y. 47; People v. Wiechers, 179 N. Y. 459.)

CHASE, J.:

The defendant conducted a drug store in the city of New York. He was arrested on a charge of unlawfully selling codeine on the 26th day of September, 1914. The information, so far as now material, is as follows:

"*Be It Remembered,* that I, Charles S. Whitman, the District Attorney of the county of New York, by this information, accuse the above-named defendant of the crime of unlawfully selling codeine, committed as follows:

"At the city of New York, in the county of New York, the said defendant, on the 26th day of September, 1914, unlawfully sold at retail to one whose name is to me unknown, and gave away a quantity of codeine without having first received a written prescription from and signed by a duly licensed physician, druggist or dentist, containing the name and address and age of the person to whom and the date on which said prescription was issued."

He was tried before a Court of Special Sessions of the city of New York and found guilty. An appeal was taken to the Appellate Division of the Supreme Court where the judgment was affirmed by a divided court and an appeal from such affirmance is taken to this court.

The statute alleged to have been violated is section 246 of the Public Health Law (as added by chapter 363, Laws of 1914) which provides, so far as material, as follows:

" It shall be unlawful for any person to sell at retail or give away any of the drugs, their salts, derivatives or preparations mentioned in section two hundred and forty-five of this chapter except as herein provided without first receiving a written prescription signed by a duly licensed physician, veterinarian or dentist. The prescription must contain substantially the following: the name in full of the physician, veterinarian or dentist issuing such prescription, his office address, his office hours, and telephone, and the name, age and address of the person to whom and date on which such prescription is issued
* * * "

The sale at retail or giving away of codeine is prohibited by said section, except as therein provided.

The evidence on the trial consisted of the testimony of two persons, one, an investigator who examined the prescription files of the defendant, and who testified that he found thereon a prescription calling for codeine. His further testimony so far as material is as follows:

" Q. Did you have a conversation with this defendant in reference to this prescription? A. I did.

" Q. What was it? A. I asked him if he had dispensed and compounded that prescription, and he said he had. I asked him who the prescription was for and he said he didn't know and that the name and address wasn't on the prescription. * * *

" Q. As a matter of fact, Mr. Dattelbaum, didn't Mr. Bresler tell you at the time that the prescription might not have been filled by him but by one of his clerks in his absence? A. No. I asked him about that prescription and several others and those which he said he personally compounded I put aside.

" Q. Did he tell you he compounded that prescription? A. Yes, sir. That prescription he had *compounded and dispensed.*"

The other witness was the physician who wrote the prescription. He testified in substance that he had just come back from Europe and was not familiar with the law.

The prescription did not comply with the statute. The only question considered in the Appellate Division was whether the testimony received at the trial was sufficient to show a violation of the statute. It was claimed by the defendant that compounding and dispensing a prescription is not the sale at retail or giving away of the drugs included therein. We do not think that the question is presented by the record in this court in a way to permit of its consideration by us. The jurisdiction of this court, except where the judgment is of death, is limited to the review of questions of law. (Constitution, article 6, sec. 9.) If the question of law is to be considered in this court it should be presented and considered at the trial. If the defendant had suggested at the trial in the Special Sessions that dispensing a prescription does not mean the sale at retail or giving away of the drugs included therein, an opportunity doubtless would have been given by the court to the People to supply testimony to show that the prescription was not only compounded by the defendant but was actually sold at retail, or given away by him to the person who presented the same to him. This court is without power to reverse a judgment on the ground that there is no evidence to sustain the verdict or decision where the question is not raised by an exception even if it has general jurisdiction of the appeal. (Jurisdiction of the Court of Appeals, Cardozo, § 25, page 43; People v. Sherlock, 166 N. Y. 180, 15 N. Y. Crim. 412; People v. Huson, 187 N. Y. 97, 20 N. Y. Crim. 336; People v. Shattuck, 194 N. Y. 42; People v. Cummins, 209 N. Y. 283; Seeman v. Levine, 205 N. Y. 514; reargument denied, 206 N. Y. 672.)

For the purpose of reversing a judgment the Court of Appeals will consider no question that was not urged or considered in the court below. (Jurisdiction of Court of Appeals, Cardozo, § 27, page 47, and cases cited; Supplement, page 292, and cases cited; Dodge v. Cornelius, 168 N. Y. 242, 245; MacArdell v.

Olcott, 189 N. Y. 368; Kramer v. Brooklyn Heights R. R. Co., 190 N. Y. 310.)

In People v. Sherlock (*supra*) the defendant was tried in the Court of Special Sessions of the Peace of the city and county of New York. On appeal to this court from a judgment of the Appellate Division of the Supreme Court affirming the judgment of the Court of Special Sessions it was held: " The first ground on which it is sought to reverse the judgment below is that the trial court in its charge invaded the province of the jury, which, under section 8, article 1 of the Constitution, is, in criminal prosecutions or indictments for libel, authorized to determine the law and the fact. We are of the opinion that the question is not properly before us, because no exception was taken on the trial to the charge of the court. By section 527 of the Code of Criminal Procedure the Appellate Division is authorized to grant a new trial in a criminal case when satisfied that the verdict against the prisoner is against the weight of evidence, against the law, or that justice requires it, wether exceptions had been taken in the court below or not. But by section 528, which regulates appeals to this court, the broad power given to the Appellate Division of the Supreme Court is bestowed upon us, only where the judgment is of death. In other cases we can take notice only of legal errors appearing in the record or raised by exception on the trial " (p. 182).

A similar ruling was made in this court in People v. Grossman (168 N. Y. 47), the trial having been had in the Superior Court of Buffalo. An indictment cannot be attacked in this court unless its sufficiency is presented at the trial and a ruling obtained thereon. (People v. Wiechers, 179 N. Y. 459.)

In Seeman v. Levine (*supra*) the case under consideration was tried in the Municipal Court of the city of New York without a jury. This court says (p. 517): " Section 240 of the (Municipal Court) Act provides: ' On the trial of all causes in a municipal court, the mode of conducting the trial,

the rules of evidence, the examination and the swearing of the jury, shall be the same as prevail in courts of record.' The defendants, by failing to move for a nonsuit or a dismissal of the action, conceded that issues of fact, to be determined by the trial court, were created by the evidence and precluded themselves from asserting and asking the appellate courts to determine that the judgment of the trial court was wholly without support in the evidence." It further held that no question of law was presented for consideration in this court.

In the act relating to the inferior courts of criminal jurisdiction in the city of New York (Chap. 659; Laws of 1910, now chap. 531, Laws of 1915) it is provided (Sec. 31, subd. 4): " All sections of the Code of Criminal Procedure consistent with this act regulating and controlling the practice and procedure of the Court of General Sessions of the Peace in the city and county of New York shall apply as far as may be to the practice and procedure in the Court of Special Sessions, and shall regulate and control the practice and procedure of the said court, in so far as its jurisdiction and organization will permit. * * * ."

In the General Sessions of the Peace in the city and county of New York exceptions may be taken by the defendant to a decision of the court admitting or rejecting witnesses or testimony, or in deciding any question of law not a matter of discretion. (Code of Criminal Procedure, sec. 455; see sec. 419; also, People v. Hammerstein, 211 N. Y. 552; People v. Wendel, 217 N. Y. 260.)

No question of law was presented in the Special Sessions so as to permit of its review in this court.

If a person engaged in the trial of a case in the Special Sessions, or in any other court, desires, in case he is defeated in such court, ultimately to appeal to the Court of Appeals, he should clearly present in such court the question of law that he

hopes thereafter to review in this court and take an exception to any ruling adverse to him on such question of law.

The judgment of conviction should be affirmed.

WILLARD BARTLETT, Ch. J., HISCOCK, COLLIN and HOGAN, JJ., concur; CARDOZO and SEABURY, JJ., concur in result.

Judgment of conviction affirmed.