MOSLER SAFE COMPANY, Respondent, *v.* SAMUEL BRENNER, Appellant.

(Supreme Court, Appellate Term, First Department, May, 1917.)

Actions — for breach of contract — sales — contracts — evidence — Personal Property Law, §§ 144, 145.
Appeal — Code Civ. Pro. § 1346 — power to review judgment of Municipal Court of city of New York where no motion to dismiss was made at the trial.

> Prior to delivery under a written contract for the purchase of a safe, title to remain in the seller until payment of the purchase price, the buyer repudiated the contract and notified the seller that he would not accept the safe. An action for breach of contract was changed at the trial for one for goods sold and delivered and the plaintiff proved that the value of the safe was at all times at least equal to the agreed purchase price. The defendant admitted the making of the contract, his refusal to accept the safe and his failure to make any payments on account, and he also failed to show any fraud. *Held,* that as under sections 144 and 145 of the Personal Property Law the seller could not maintain an action for the price unless the goods " cannot be readily resold for a reasonable price " and then only when the seller notifies the buyer " that the goods are thereafter held by the seller as bailee for the buyer " and there being no proof of such a notice or of inability to sell at a reasonable price, plaintiff's proof on the latter subject being precisely the other way, a judgment in favor of plaintiff cannot be sustained and will be reversed and the complaint dismissed upon the merits.

Appellate Term, First Department, May, 1917.    [Vol. 100.

Under section 1346 of the Code of Civil Procedure, as amended in 1914, which provides that appeals from judgments after trial by the court, with or without a jury, may be taken upon questions of law, or upon the facts, or upon both, which provision is made applicable to an appeal from a judgment of the Municipal Court of the city of New York to the Appellate Term of the Supreme Court the appellate court has power to reverse upon the evidence, though defendant made no motion to dismiss the complaint.

APPEAL by the defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, rendered in favor of the plaintiff after a trial before the court without a jury.

Samuel J. Reid, for appellant.

Goldstein & Goldstein (Jonah J. Goldstein, of counsel), for respondent.

MULLAN, J.    The defendant agreed in writing to purchase from the plaintiff a safe at an agreed price, payable in instalments, the contract providing that title should remain in the plaintiff until the completion of payment.    Prior to delivery the defendant repudiated his engagement, and notified the plaintiff that he would not accept the safe, and the plaintiff thereupon brought this action, declaring upon "breach of contract; goods sold," and the defendant denied generally and pleaded fraud.    At the outset of the trial, the plaintiff's cause was, by concession of its counsel, reduced to the claim of "goods sold and delivered."    The defendant admitted the execution of the conditional sale contract, his refusal to accept the safe, his failure to make any payments on account of the price, and he failed wholly to show

fraud.   The plaintiff showed that the value of the safe was at all times at least equal to the agreed price.   Under the common law of this state the plaintiff, we think, would have been entitled to a judgment for the price (*Ideal Cash Register Co.* v. *Zunino,* 39 Misc. Rep. 311; *Cambridge Society* v. *Elliot,* 50 id. 159; *Gray* v. *Booth,* 64 App. Div. 231), although there is authority to the contrary.   *National Cash Register Co.* v. *Schmidt,* 48 App. Div. 472.   But the law was changed by the adoption of the Sales Act in 1909 (Pers. Prop. Law, art. V, §§ 144, 145; Bogert, New York Sales Act [1912 ed.], 243, 246), since which time the seller may maintain an action for the price only where the goods " cannot readily be resold for a reasonable price," and then only when the seller notifies the buyer " that the goods are thereafter held by the seller as bailee for the buyer."   Here no proof was made of such a notice, or of inability to resell at a reasonable price, the proof offered by the plaintiff itself on the latter subject being precisely the other way.   It is plain, therefore, that upon this record no action for the price lies, and that the judgment for the plaintiff cannot be sustained.

The respondent contends, however, that we are without power to review the facts and to determine whether the judgment was contrary to the evidence and its weight for the reason that the defendant made no motion to dismiss the complaint, citing in support of his argument *Seeman* v. *Levine,* 205 N. Y. 514, where Judge Collin, writing for the Court of Appeals, said:   " The defendants, by failing to move for a non-suit or a dismissal of the action, conceded that issues of fact, to be determined by the trial court, were created by the evidence and precluded themselves from asserting and asking the appellate courts to determine that the judgment of the trial court was wholly

without support in the evidence.'' The Appellate Division in that case had reversed the Appellate Term, which had affirmed a judgment of the Municipal Court in favor of the plaintiff. As it was not stated in the order of the Appellate Division that the reversal of that court was upon the facts, or upon the law and the facts, the reversal was assumed, under the rule, to have been solely upon the law. When the Court of Appeals came to examine the record, it found that the defendant had made no motion for a nonsuit, and had thus conceded that there was *some* evidence to sustain the judgment for the plaintiff (*Barrett* v. *Third Ave. R. R. Co.*, 45 N. Y. 628, 632); that the Appellate Division's order of reversal, having been on the law alone, must have been made on the theory that the plaintiff had not made out a *prima facie* case; that this theory was not supported by the record, for the reason that the defendant by failing to ask for a nonsuit had in effect conceded that the plaintiff had made out a *prima facie* case; that the question of law that would have been before the Appellate Division had a nonsuit motion been made, viz.:— did the facts proved establish a *prima facie* case?— was not before that court because of the implied concession created by the failure of the defendant to move for a nonsuit; and that, therefore, the Appellate Division erred in reversing as upon a question of law when no such question of law was in the case.

The impression seems to be more or less current at the bar that the Court of Appeals in the *Seeman* case has either laid down some new rule, or has given utterance to an old rule that has not been generally understood, but such is not the case. There was no expression of opinion there made by the Court of Appeals from which we can discern an intention

either to limit or to pass upon the power of the inter-
mediate appellate courts to set aside verdicts and
judgments as contrary to the evidence in the absence
of a motion for a dismissal. Judge Collin said:
"As it does not appear in the order (of the Appellate
Division) that the reversal was upon the facts, it
must be presumed that the order was not reversed
upon a question of fact, but upon the law only." It
may be that this language carries with it the impli-
cation that the Court of Appeals assumed that the
Appellate Division had the power to reverse upon the
facts had it seen fit to adopt such a course. But,
however that may be, we deem it plain that Judge
Collin had no intention of expressing any opinion
upon the subject of whether the intermediate appel-
late courts have the power of reversing a judgment
of the Municipal Court upon the facts, regardless
of the presence or absence of a dismissal motion,
whenever in a proper case they may desire so to do.

That the General Term and the Appellate Division
have always had the power to reverse a judgment of
the Supreme Court as being contrary to the evidence
regardless of whether or not a motion was made to
nonsuit the plaintiff, we think there can be no doubt
(*Schwinger* v. *Raymond,* 105 N. Y. 648; *McDonald* v.
*Metropolitan St. R. Co.,* 167 id. 66; *City of Buffalo* v.
*New York, L. E. & W. R. R. Co.,* 152 id. 276) ; but it has
been held that the Supreme Court, prior to the Code
amendments hereinafter referred to, had no power
to reverse a judgment of the Municipal Court upon
the ground that the evidence preponderated in favor
of the unsuccessful party. *Northridge* v. *Astarita,* 47
App. Div. 486, 489; *Blumenthal* v. *Lewy,* 82 id. 535,
539. In 1900, however, section 3063 of the Code of
Civil Procedure was amended so as specifically to
provide that upon an appeal from a judgment of a

Justice's Court the appellate court may reverse for errors of law or of fact upon the ground that the judgment is against the weight of evidence. That this section applies to appeals from judgments to the Municipal Court, see *Blumenthal* v. *Lewy, supra.* So that, independently of the effect of a failure to move for a nonsuit, there can be no doubt that this court now has the right to review the facts upon an appeal from a Municipal Court judgment, no matter what its power in this respect was prior to 1900.

Coming directly to the effect of a failure in a trial in the Municipal Court to move for a nonsuit, an amendment in 1914 seems to apply to the situation. By virtue of section 1344 of the Code of Civil Procedure and the rules of the Appellate Division establishing the Appellate Term, sections 1346 to 1355 of the Code are made applicable to an appeal from a judgment of the Municipal Court to the Appellate Term. Section 1346 of the Code, as amended in 1914, provides that appeals from judgments after trial by the court with or without a jury may be taken upon questions of law, or upon the facts, or upon both; since which time it has not been necessary to appeal from orders denying motions for a new trial in order to bring up the facts for review (*Middleton* v. *Whitridge,* 213 N. Y. 499; *Miller* v. *Brooklyn H. R. Co.,* 173 App. Div. 910); and, as the practice on appeals from judgments of the Municipal Court to the Appellate Term has been made to conform to the practice on appeals from judgments of the Supreme Court to the Appellate Division, it follows that an appeal to this court from a judgment of the Municipal Court brings up for review the facts as well as the law

Prior to the amendment of section 1346 of the Code of Civil Procedure it had been held that although no motion was made for a nonsuit the evidence could

be considered by an appellate court upon appeal from an order denying a motion for a new trial. *Mitchell* v. *Rouse,* 19 App. Div. 561; *Picard* v. *Lang,* 3 id. 51; *Kelly* v. *Frazier,* 27 Hun, 314; *Lucas* v. *McEnerna,* 19 id. 14; *Shearman* v. *Henderson,* 12 id. 170; Baylies, Tr. Pr. (2d ed.) 310. The only effect that could ever have been given to a failure to move for nonsuit was to create the implication that the defendant conceded that the plaintiff had made out a *prima facie* case sufficient to carry him past the danger of dismissal, as by his failure to ask for a dismissal the defendant admitted that the plaintiff had furnished evidence which, considered as true, established a cause of action. At the Court of Appeals that concession was available to challenge the jurisdiction of the court to pass upon the facts, limited as that court is to decisions on questions of law, and thus confined, as to the facts, to an examination of the record to see if there is any evidence to support the judgment. The intermediate appellate courts, on the other hand, had full power to examine the record as well to matters of fact as to matters of law, so that even the implied concession that the facts did not warrant a nonsuit, and thus that the plaintiff had, as matter of law, made out his case, did not bar those courts where the appeals brought up orders denying motions for a new trial, from examining the facts as facts and not merely as a matter of law created by the question of whether the plaintiff had established a *prima facie* case. The logical effect of the amendment of section 1346 of the Code of Civil Procedure, making it unnecessary to move for a new trial in order to bring up the facts, is to vest in the intermediate appellate courts the same power of deciding upon the facts upon appeals from judgments as theretofore resided in them upon appeals from orders denying motions for new trials,

8

and we think it follows that these courts now have the power to reverse upon the evidence despite the failure to move for a dismissal or a new trial. Even, therefore, if the construction which the respondent seeks to place upon the language of the Court of Appeals in the *Seeman* case were warranted, we deem it plain that the subsequent amendment of section 1346 of the Code of Civil Procedure, must be held to have deprived the rule, there so laid down, of its vitality.

Futhermore, section 3063 of the Code of Civil Procedure, relating to appeals from Justices' Courts, and section 1317 of the Code, relating specifically to appeals to the Appellate Division and the Appellate Term, both provide that the appellate court must render judgment according to the justice of the case without regard to technical errors or defects not affecting the merits; so that, if need were, our determination might be based on the general correctional powers reposed in us by those provisions.

As the plaintiff failed to make out a case upon the theory he adopted at the trial, and showed that upon no theory would he be entitled to more than nominal damages, we think it is our duty not only to reverse the judgment in its favor, but to dismiss the complaint.

Judgment in favor of plaintiff reversed, with thirty dollars costs, and complaint dismissed upon the merits, with appropriate costs in the court below.

GUY and PHILBIN, JJ., concur.

Judgment reversed, with costs.