Kapper, J.
The controversy is between the plaintiff, the beneficiary named in two life insurance policies issued by the defendant insurance company upon the life of her husband (now deceased), and the administrator of the husband. The question involved is presented by a motion for judgment on the pleadings. All of the facts essential to a complete determination of the litigation are contained in the complaint and answer. The undisputed facts show assignments during the lifetime of the assured by him and the plaintiff beneficiary of both policies to secure an indebtedness ; reassignments by such assignee to the assignors of all the interest of such assignee in and to said policies; and a written declaration by the said assignee that said assignments to him “ although absolute in form, were in fact collateral for a loan of eighteen thousand dollars ($18,000) and that said loan having been paid in full, the releases and discharges executed by me on March 25,1913, were intended merely to ac *444 knowledge said payment and to show that the lien on the policies for said loan was released.” The reassignments, after expressing the consideration therefor, are each worded, “ I hereby reassign and retransfer to the within named assignor or assignors, according to the respective interests mder the policy contract or valid amendment thereof, all right, title and interest in and to the within mentioned policy issued by the John Hancock Mutual Life Insurance Company, and the within assignment is hereby fully discharged.” Each reassignment was accompanied by a release executed by the assignee releasing “ unto the said insured, all my right, title and interest ” in said policy and renouncing “ all claim whatsoever ” under same. The defendant insurance company makes no contest, and an order has been entered upon consent providing that the insurance company shall make payment according to the terms of any judgment which may be entered as between the two remaining parties, namely, plaintiff and the defendant administrator. The answer of said administrator alleges as an ultimate fact or conclusion “ that by reason of said releases the beneficial interests and discharges of assignment executed by said Anderson, title to said policies and the proceeds thereof became vested in said Charles M. Howard, the assured, and that the title and interest of the plaintiff as beneficiary was extinguished, and that accordingly the amounts which became due and payable upon the death of said Howard were payable to his estate, or executors or administrators, and not to plaintiff as beneficiary.” The claim is untenable. A policy of insurance taken out by a husband for the benefit of his wife vests an interest in her of which she cannot be divested without her consent. Sangunitto v. Goldey, 88 App. Div. 78, 80; Garner v. Germania Life Ins. Co., 110 N. Y. 266. And where a policy has been *445 assigned as collateral security and the debt is paid, and the policy returned prior to any breach of the contract, the title to the policy again vests in the assignor (see Cooley Life Ins. 1111); and such revesting may take place by operation of law without any reassignment in writing. Alabama Gold Life Ins. Co. v. Garmany, 74 Ga. 51. In this state assignments of policies of life insurance, absolute on their face, may be shown by parol to have been given simply as security. Matthews v. Sheehan, 69 N. Y. 585; Marsh v. McNair, 48 Hun, 117. See, also, Upshaw v. Mutual Loan Assn., 29 Misc. Rep. 143. And an assignor of a life insurance policy given as collateral security, although the assignment is absolute in form, may maintain an action in equity to redeem upon paying the sums lawfully advanced. Bohleber v. Waelden, 150 N. Y. 405. In Aldrich v. Brinker, 143 Fed. Repr. 563, the wife beneficiary named in a policy on the life of her husband joined with him in an assignment of it to a bank to secure a loan of $1,000 made to him. A further agreement between the husband and the bank that the assignment should stand as further security for other indebtedness, was subordinated to the wife’s claim to the proceeds of the policy over and above the original indebtedness of $1,000 to secure which the assignment was given. Just in what manner the reassignments in question plus the discharge of the debt failed to reinstate the pre-existing status of the wife is not made clear to me, and, indeed, is not the subject of serious argument. No authority bearing out the claim of the present defendant is cited; and in the light of the well-settled rules governing an assignment of a life insurance policy made to secure an indebtedness of the insured where the beneficiary joins in making the assignment with the intention that it shall serve as security only, I can conceive of no basis supporting the defend *446 ant’s plea. Here, the facts show a valid reassignment to the assignors after payment of the indebtedness to secure which the original assignments were given. The only denials in the answer are of the conclusions contained in the complaint as to the legal effect of the transactions between the plaintiff and the insurance company. These denials raise no issue. All of the facts upon which the separate defense rests are as stated herein at the outset. They are insufficient to establish the conclusion which the pleader draws. In view of what has been said, I hold that the reassignments reinstated the beneficiary (wife) to all rights pre-existing the assignments in which she joined, and that she was never divested of her rights as beneficiary excepting to the extent of the indebtedness which upon being satisfied rendered her title to the amount of the insurance unaffected. Plaintiff’s motion for judgment on the pleadings must, therefore, be granted.
Motion granted.