JOSEPH VOLLKOMMER, Appellant, *v.* JAMES A. CODY et al., Comprising the Firm of CODY BROTHERS, et al., Respondents.

GEORGE FLEER et al., Comprising the Firm of FLEER BROTHERS, Appellants, *v.* JAMES A. CODY et al., Comprising the Firm of CODY BROTHERS, et al., Respondents.

ANDREW R. BAIRD, Appellant, *v.* JAMES A. CODY et al., Comprising the Firm of CODY BROTHERS, et al., Respondents.

1. APPEAL — WHEN ORDER OF APPELLATE DIVISION GRANTING NEW TRIAL SOLELY UPON QUESTIONS OF LAW WILL BE REVERSED. Where a new trial is granted by the Appellate Division upon a question of fact, the Court of Appeals has no power to review even rulings duly excepted to, provided there was a question of fact; but if it is granted solely upon questions of law, that is, in the language of the Constitution "on exceptions," that court may review the questions of law raised by exceptions, and if it is found that no exception was well taken, the order must be reversed and the judgment reinstated.

2. EVIDENCE — ADMISSIONS OF A DEFENDANT PUT IN EVIDENCE BY PLAINTIFF NOT RENDERED INCOMPETENT BY THE LATTER SUBSEQUENTLY ELICITING FACTS FROM HIM CONTRADICTING THE ADMISSIONS. Upon the trial of a judgment creditor's action a deposition in supplementary proceedings, previously signed and sworn to by the defendant and offered in evidence by the plaintiff, is properly received against the defendant as an admission of a party to the record, and it is not rendered incompetent if the plaintiff subsequently examines the defendant and elicits facts from him tending to contradict his deposition, upon the ground that it was an attempt by a party to impeach his own witness when no effort was made to limit the effect of the deposition and no suggestion was made that it could not be used to discredit or impeach him.

3. ERRORS NOT RAISED BY OBJECTIONS OR EXCEPTIONS WILL NOT JUSTIFY APPELLATE DIVISION IN GRANTING A NEW TRIAL. Where the trial court, in orally giving reasons for deciding in plaintiff's favor, said there were many contradictions by the defendant in comparison with his deposition, to which remark no objection was made or exception taken, and the formal decision did not embrace such remark or give any reasons for the conclusion reached, although such decision was excepted to, a reversal by the Appellate Division upon the sole ground that the trial court did not consider the deposition as an admission, but as evidence which was competent to impeach plaintiff's witnesses, cannot be sustained because the alleged error was not raised by any objection or exception.

4. When Insolvency Is Involved in a Finding of Fraud. A specific finding that a defendant was insolvent at the date of an assignment is not necessary to support a judgment setting it aside as not made in good faith, where his fraudulent intent is found as a fact.

*Vollkommer* v. *Cody*, 85 App. Div. 57, reversed; *Fleer* v. *Cody*, 85 App. Div. 57, reversed; *Baird* v. *Cody*, 85 App. Div. 57, reversed.

(Argued December 14, 1903; decided January 5, 1904.)

Appeal in each action from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 12, 1903, reversing judgments in favor of plaintiffs entered upon decisions of the court on trial at Special Term and granting new trials.

The nature of the actions and the facts, so far as material, are stated in the opinion.

*J. Addison Young, Henry H. Sawyer* and *William A. Moore* for appellants. This appeal having been taken to the Court of Appeals from orders of the Appellate Division reversing judgments of the Special Term and granting new trials, and the orders not stating the reversals to be upon the facts, the only questions open for review are questions of law. (*N. H. Co.* v. *Bement*, 163 N. Y. 505.) No reversible error was committed by the Special Term upon the trial of these actions in receiving evidence. (*Williams* v. *Sargent*, 46 N. Y. 481; *Cook* v. *Barr*, 44 N. Y. 156; *Wright* v. *Nostrand*, 94 N. Y. 32; *Kain* v. *Larkin*, 131 N. Y. 300; *Loos* v. *Wilkinson*, 110 N. Y. 195; *Stowell* v. *Hazlett*, 66 N. Y. 635; *Pach* v. *Geoffrey*, 67 Hun,·401; *Adams* v. *Davidson*, 10 N. Y. 309.) .The Appellate Division was in error in reversing plaintiffs because the court at Special Term took cognizance of the many contradictions between the statements contained in defendants' depositions and their subsequent oral testimony. (*Wangner* v. *Grimm*, 169 N. Y. 421, 427; *Wickes* v. *Thompson*, 129 N. Y. 634; *Serviss* v. *McDonnell*, 107 N. Y. 260; *Sullivan* v. *Dunham*, 161 N. Y. 290; *Hunter* v. *Wetsell*, 84 N. Y. 549, 555; *Bergmann* v. *Jones*, 94 N. Y. 51; *White* v. *Benjamin*, 150 N. Y. 258; *Kelly* v. *Jay*, 79 Hun, 535; *Engel*

v. *Dicter*, 31 Misc. Rep. 793; 2 Rumsey's Pr. 27.) The conclusions of law are supported by the facts found. (*Kain* v. *Larkin*, 141 N. Y. 144.)

*Abram J. Rose* and *Alfred C. Petté* for respondents. The orders of reversal not stating that the reversal was upon the facts, it must be presumed to have been upon the law, and the trial court having specifically found the facts upon which its judgments were based, the facts found are conclusive here, and this court is confined to a review of the exceptions to the evidence and to the question whether the specific facts found support the judgments rendered. (*Smith* v. *S. I. Co.*, 161 N. Y. 484.) It was reversible error to receive in evidence the testimony in supplementary proceedings of the witnesses called by the plaintiffs for any purpose whatsoever other than as admissions consistent with their testimony upon the trial. (*Dilleber* v. *H. L. Ins. Co.*, 69 N. Y. 256 ; *Church* v. *Howard*, 79 N. Y. 415 ; *Matter of Eysaman*, 113 N. Y. 62; *Carlson* v. *Winterson*, 147 N. Y. 652 ; *Stephens* v. *Ely*, 162 N. Y. 79 ; *Lyons* v. *N. Y. El. R. R. Co.*, 26 App. Div. 57; *Becker* v. *Koch*, 104 N. Y. 394 ; *Craft* v. *Brandow*, 61 App. Div. 247; *Fleischer* v. *M. St. Ry. Co.*, 63 App. Div. 14.) In the absence of a finding that the assignors were insolvent at the time of the execution of the assignment on May 19, 1897, the finding of fraud is based solely on the fact that the assignment was voluntary and without consideration, and the judgments cannot be sustained. (*Foster* v. *Bookwalter*, 152 N. Y. 166 ; *Durland* v. *Durland*, 153 N. Y. 67 ; *Smith* v. *S. I. Co.*, 161 N. Y. 484 ; *Ostrom* v. *Greene*, 161 N. Y. 353 ; *Hilton* v. *Ernst*, 161 N. Y. 226 ; *Kain* v. *Larkin*, 131 N. Y. 300 ; *Lewis* v. *Boardman*, 78 App. Div. 394 ; *Fisher* v. *Stout*, 74 App. Div. 97 ; *Kalish* v. *Higgins*, 70 App. Div. 192 ; *Finelite* v. *Dorian*, 39 App. Div. 637.)

VANN, J. These actions, involving the same issues, were tried together and submitted on the same evidence. Each is a creditor's action brought by a different plaintiff against the

same defendants to set aside certain assignments of the moneys due and to grow due under a contract for public work, upon the ground that they were made to hinder, delay and defraud creditors. The plaintiffs are judgment creditors of James A. Cody and others, composing the firm of Cody Brothers, with executions returned unsatisfied. After the several debts of the plaintiffs were contracted, but before their judgments were recovered, the brothers composing said firm made the transfer in question to their sister, Theresa Cody, who, a few months later, assigned the same interest to her sister, Elizabeth L. Cody. The amount of money thus assigned, as subsequently admeasured by a judgment against the city of New York, was over $13,000.

The trial judge found that each of said assignments was without consideration and was made and accepted with the intent to hinder, delay and defraud the creditors of said judgment debtors, including the plaintiffs. Upon appeal to the Appellate Division each judgment was reversed and a new trial granted upon questions of law only, the facts as found not having been disturbed. The plaintiffs gave the usual stipulation and appealed to this court.

As the judgments were not reversed upon a question of fact, we are confined in our review to errors of law duly excepted to. (*Spence* v. *Ham*, 163 N. Y. 220; *National Harrow Co.* v. *Bement & Sons*, Id. 505.) Even if errors were committed by the trial judge they would not justify a reversal by the Appellate Division upon a question of law only, or warrant us in sustaining their action, unless the question was duly raised by an exception. The jurisdiction of this court in all cases "except where the judgment is of death" is "limited to the review of questions of law." (Const. art. 6, § 9.) Where a new trial is granted by the Appellate Division upon a question of fact, we have no power to review even rulings duly excepted to, provided there was a question of fact, but if it is granted solely upon questions of law, that is, in the language of the Constitution, "on exceptions," we may review the questions of law raised by exceptions, and if we find that no exception

was well taken it is our duty to reverse the order and rein-state the judgment. Thus, as was said by the learned counsel for the respondents, "the only questions open for considera-tion are as to the errors in the reception or rejection of evi-dence, and as to whether the facts found support the judg-ment rendered."

Substantially all the oral evidence upon the trial was given by the principal defendants when called as witnesses for the plaintiffs. These defendants had been previously examined in proceedings supplementary to execution, and, in each instance, as soon as the party was called and the deposition identified, it was offered in evidence against the defendant who had signed and sworn to it. One deposition was not objected to, the second was objected to as incompetent and the third as immaterial. The objections were overruled and the defendants excepted. Each deposition was offered and received only as against the person who made it, and as it was an admission of a party to the record it was properly received as against him-self. (*Lent* v. *Shear*, 160 N. Y. 462, 469; *Williams* v. *Sar-geant*, 46 N. Y. 481, 483.)

The plaintiffs, however, in each instance after the deposi-tion was received examined the deponent at length, proved some facts not covered by the deposition and elaborated others not fully covered by it, and the answers of the wit-nesses were to some extent inconsistent with their deposi-tions. None of this evidence was objected to, and the defend-ants were apparently willing that it should be received whether it was competent or not. At the close of the evidence and after the case had been summed up by both sides, the trial judge, in orally giving his reasons for deciding in favor of the plaintiffs, said: "It is unfortunate in this case that there are many contradictions by the witness Elizabeth L. Cody and by her brothers in comparison with the deposition in supplemen-tary proceedings." No exception was taken to this remark or to any remark made by the judge in announcing what his decision would be, and subsequently he signed formal find-ings, which were excepted to, but which did not embrace said

remark nor give any reasons for the conclusion reached. The Appellate Division, as indicated by its opinion, founded its order of reversal upon this observation and held in substance that the trial court did not consider the depositions as admissions, but as evidence which was competent to impeach witnesses called by the plaintiffs. In other words, it was held in effect that evidence which was competent when received became incompetent through other evidence subsequently received without objection, and although no motion to strike out was made, the judgments were reversed solely for this reason. The defendants were thus given the benefit of objections never made and of exceptions never taken.

In thus deciding we think the learned judges below inadvertently fell into error. As we have seen, the depositions were competent when received and they never became incompetent. They were material admissions made by parties to the action, tending to show that they had been guilty of the fraud charged and they continued to be competent evidence to the close of the case. They were not offered to impeach or discredit, because when offered the witness had not testified upon the merits. How could the court or the plaintiffs know that the witnesses would contradict themselves? No motion was made, or ruling requested, which changed the status of the depositions as material and competent evidence. There was no effort to limit their effect, and no suggestion, even after the trial court made the remark above quoted, that they could not be used to discredit or impeach the witnesses guilty of swearing one way on the trial and another way in their examination before trial.

"It is only evidence offered for the mere purpose of impeaching the credibility of the witness, which is inadmissible when offered by the party calling him. Inquiries calculated to elicit the facts, or to show to the witness that he is mistaken, and to induce him to correct his evidence, should not be excluded simply because they may result unfavorably to his credibility." (*Bullard* v. *Pearsall*, 53 N. Y. 230, 231; *People* v. *Kelly*, 113 N. Y. 647, 652.)

"All the cases concur in the right of a party to contradict his own witnesses to prove a fact, material to the issue, to be otherwise than as sworn to by him, even when the necessary effect is to impeach him." (*Becker v. Koch*, 104 N. Y. 394, 403.)

If an improper use was made of the depositions by the trial justice the error was raised by no objection or exception, and hence is not before us to review and was not before the judges below. They were clothed with a power which is almost discretionary to reverse on the facts, but they did not do so. In order to reverse on the law, however, an error of law is necessary and there can be no error of law that we can consider without an exception to raise it. (*Hecla Powder Co.* v. *Sigua Iron Co.*, 157 N. Y. 437, 441; *Wangner* v. *Grimm*, 169 N. Y. 421, 427.)

The action of the Appellate Division in reversing the judgments for the reasons stated in their opinion cannot be sustained.

The respondents, however, contend that the reversal was proper because the facts found do not support the conclusion of law, inasmuch as there was no specific finding that the assignors were insolvent at the date of the assignment. No such finding was necessary, because "it is only when one makes a voluntary conveyance in good faith, with no intent to defraud his creditors, that it will be upheld by proof showing that when he made it he retained an ample estate to pay all his debts." (*Fox* v. *Moyer*, 54 N. Y. 125, 131.) Fraudulent intent is made a question of fact by statute, and it was found as a fact in this case. It necessarily follows that the assignment was not made in good faith.

Moreover, insolvency, while a fact, is but an evidential fact which need not be alleged. (*Kain* v. *Larkin*, 141 N. Y. 144, 151.) Hence it is involved in the finding of fraud, provided it is necessary to support that finding and there is evidence to warrant it, as there was in this case.

We find no exception which authorized the Appellate Division to reverse the judgments for error of law, and its

orders must, therefore, be reversed and the judgments rendered by the Special Term affirmed, with costs in all courts.

PARKER, Ch. J., GRAY, BARTLETT, MARTIN and WERNER, JJ., concur; HAIGHT, J., absent.

Orders reversed, etc. ⸻