(108 App. Div. 71.)

### HILL v. PAGE, Sheriff.

(Supreme Court, Appellate Division, Third Department. October 24, 1905.)

1. LANDLORD AND TENANT—CULTIVATION OF LAND ON SHARES—DIVISION OF CROPS.

　　A tenant, working a farm on shares under a lease providing that on the crops being ready for division or market the tenant shall deliver the landlord's share at a specified depot, has authority to divide the crops on their being ready for market and sell his share.

2. SALES—RETENTION BY SELLER OF POSSESSION—EFFECT—FRAUD—FINDINGS OF JURY—CONCLUSIVENESS.

　　Under Personal Property Law, Laws 1897, p. 511, c. 417, § 25, which provides that every sale of goods, unless accompanied by an immediate delivery and continued change of possession, is conclusive evidence of fraud, unless it was made in good faith, and section 26 (page 512), which makes the question of the existence of fraudulent intent a question for the jury, a verdict of the jury on the issue whether a sale is fraudulent is conclusive, unless error was committed on the trial.

3. SHERIFFS—WRONGFUL SALE—LIABILITY FOR CONVERSION.

　　The act of the sheriff in levying on and selling property in which the judgment debtor has no interest sustains an action for conversion, though the buyer at the sale has not actually removed the property.

4. EVIDENCE—INTENT.

　　On the issue whether a sale is fraudulent as against creditors, it is not error to allow the buyer and seller to testify directly as to their intent in making the sale.

Appeal from Trial Term, Chenango County.

Action by Axania A. Hill against George L. Page, sheriff. From a judgment for plaintiff, and from an order denying a motion for a new trial made on the minutes of the court, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHES-
TER, and HOUGHTON, JJ.

Oscar F. Matterson (W. B. Muller, of counsel), for appellant.
Charles L. Fuller, for respondent.

CHASE, J.   Plaintiff's son was in the possession of a farm under a
contract with the owner thereof by which he worked the farm on
shares.   In August, 1904, he was the owner of an undivided half of
a quantity of hay in the barn and stacked on said farm; also of certain
oats, potatoes, and apples then growing on said farm.   Plaintiff's
testimony shows that she lived with her son on said farm.   He was in-
debted to her in various amounts for cash loaned by her to him, for
which she held his notes, including a note of $400 for a loan of that
amount.   He had failed to pay her all of the interest thereon, and
about August 14 to 16, 1904, she requested payment of the $400 note;
and her son, not being able to pay the note, entered into an agreement
with her by which he transferred to her his half of said hay, oats,
potatoes, and apples, and she delivered to him the $400 note, and it
was canceled.   They looked over the hay and other property, and it
is claimed by the plaintiff that the same were delivered to her so far
as it was possible to make a delivery under the circumstances.   As
a further consideration for her surrender of said note her son agreed to
care for said property and convert it into cash·for her.   On September
8, 1904, an execution was issued to the defendant, as sheriff of the coun-
ty, on a judgment recovered against the plaintiff's son in 1890, and
he levied upon the interest of the son in said crops, insisting that the
sale to the plaintiff was a pretended sale, and void as against the judg-
ment creditor upon whose judgment the execution was issued, and
on October 7, 1904, he made a sale under such levy to different persons,
bidding substantial amounts upon the different items of property.   All
of the purchasers were strangers to the plaintiff.   This action is
brought by the plaintiff to recover damages for the alleged unlawful
and wrongful sale and conversion of her property.

All of the undivided property was divisible, and plaintiff's son was
authorized to divide the same, as shown by the contract for working
the farm, by which it was provided that, when the crops were ready
for division or to market, the plaintiff's son should deliver the crops,
or the landlord's share, at a depot specified.   Unless the sale to the
plaintiff was void as against the judgment creditor, plaintiff's son
had no interest in the property subject to levy and sale, and defendant's
interference therewith was wrongful.

It is provided by section 25 of the personal property law (chapter 417,
p. 511, Laws 1897) that:

"Every sale of goods and chattels in the possession or under the control of
the vendor,   *   *   *   unless accompanied by an immediate delivery, followed
by actual and continued change of possession, is presumed to be fraudulent
and void as against all persons who are creditors of the vendor,   *   *   *   and
is conclusive evidence of such fraud unless it appear on the part of the
person claiming under the sale   *   *   *   that it was made in good faith and
without intent to defraud such creditors or purchasers.   *   *   *"

And by section 26 of said personal property law it is further provided:

"The question of the existence of fraudulent intent in cases arising under this article is a question of fact and not of law."

The court, in submitting the case to the jury, charged substantially everything as claimed by the defendant. He charged the jury that the sale was not accompanied by an immediate delivery, followed by actual and continued change of possession, and that the sale as claimed by the plaintiff was presumptively fraudulent and void, and that the failure to make such delivery was conclusive evidence of fraud, unless plaintiff made it appear to their satisfaction that the sale was made in good faith and without intent to defraud the creditors of her son. The jury found in favor of the plaintiff, and their verdict must stand, unless some error was committed upon the trial.

The act of the sheriff in levying upon and selling the property in which, as appears from the verdict of the jury, the judgment debtor had no interest, was such an exercise of dominion over the property as will sustain an action for its conversion, although at the time of the commencement of the action the purchasers at the sale had not actually removed the property from the farm. Alvord v. Haynes, 13 Hun, 26; Smith v. Smalley, 19 App. Div. 519, 46 N. Y. Supp. 277; Knapp v. Smith, 27 N. Y. 277.

It was not error for the court to allow the plaintiff and her son to testify directly as to their intent in making the sale from him to her. Starin v. Kelly, 88 N. Y. 418; Abbott's Trial Evidence (2d Ed.) 938, 940.

The judgment and order should be affirmed, with costs.