CLARENCE T. BIRKETT, Appellant, v. JAMES E. NICHOLS et al., Respondents.

CONTRACT OF SALE — WAIVER.  Where by the terms of a contract for the sale of ten carloads of flour the vendor agreed to ship the same during the month of November, but in fact shipped but three carloads during that month, six carloads of the remainder being shipped during December and one in January, in an action by the vendor to recover damages caused by the refusal of the vendees to accept the December and January shipments, evidence that during the latter part of November the agent of the vendees in a conversation with the agent of the vendor requested that the latter write to his principal and ascertain "if it would suit him just as well to have that flour distributed through December as to have it all come the latter part of the month," and upon the vendor's agent consenting to so write, further said, "string it along through December," and that during a subsequent conversation between them the vendees' agent asked if the vendor had been written to with reference to distributing their December flour, to which the vendor's agent replied that he thought they had written, together with evidence that the shipments were actually strung along through December as suggested, that an invoice was sent to the vendees as each car was shipped, sight drafts drawn upon them for the purchase price and they were informed of the arrival of the cars at their destination, is sufficient to support a finding that as to the December shipments the provision of the contract requiring delivery in November had been waived, where, so far as appears, the invoices were retained by the vendees without objection and no intention of rejecting the goods was manifested by them until the middle of January.

Birkett v. Nichols, 98 App. Div. 631, reversed.

(Argued February 14, 1906; decided March 20, 1906.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 15, 1904, reversing a judgment in favor of plain-

tiff entered upon a decision of the court on trial at Special Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*S. F. Lincoln* and *Calvin J. Huson* for appellant. The proof in this case warrants the finding that there was an express waiver on the part of the defendants at the time of performance, and also that there was a waiver of the time of performance wholly independent of the express agreement to that effect. (*Thorne* v. *French.* 4 Misc. Rep. 436; *Smith* v. *Gugerty*, 4 Barb. 614; *Wood* v. *Perry*, 1 Barb. 114; *Thompson* v. *Poor*, 147 N. Y. 402.)

*Henry D. Hotchkiss* for respondents. The finding that the original contract was at any time or in any way modified was without any evidence to support it. (*Nat. H. Co.* v. *Bement*, 163 N. Y. 505; *Matter of Keefe*, 164 N. Y. 352; *Shotwell* v. *Dixon*, 163 N. Y. 43.) The defendants did not by delay waive their right to reject the December shipments. (*Kien* v. *Tupper*, 52 N. Y. 550; *Chapin* v. *Fitzgerald*, 5 N. Y. Supp. 722; 127 N. Y. 670; *Comcl. Bank* v. *Pfeiffer*, 108 N. Y. 242; *M. Bank* v. *U. R. R. Co.*, 109 N. Y. 373; *Eppens* v. *Littlejohn*, 27 App. Div. 22; 164 N. Y. 187.)

WILLARD BARTLETT, J. It does not appear by the order or judgment of the Appellate Division that the reversal was upon questions of fact. There is no suggestion that any material error of law was committed in the rulings upon evidence, so that the only questions of law which this court is called upon to consider are (1) whether the conclusion of law is supported by the facts found, and (2) whether a finding of fact essential to sustain the judgment of the trial court is wholly without evidence to support it. (*Nat. Harrow Co.* v. *Bement & Sons*, 163 N. Y. 505.)

This litigation arises out of a contract in writing made on November 10, 1902, whereby the plaintiff agreed to sell to

the defendants and the defendants agreed to purchase from the plaintiff ten car loads of buckwheat flour to be shipped from Penn Yan, N. Y., during the month of November, 1902, and delivered in the city of New York. The plaintiff shipped three cars of flour in November, 1902, six in December, 1902, and one on January 12, 1903. As a justification for postponing the shipment of seven out of the ten cars to dates later than November, 1902, the plaintiff claimed, *first*, that prior to December 1, 1902, and while the original contract was in full force and effect, it was modified by the parties so as to provide that only three cars need be shipped in November, while the remainder might be shipped from time to time during December; and, *secondly*, that wholly independent of any such modification of the original contract in November, 1902, before any alleged breach thereof, there was a waiver by the defendants of the provisions of the contract as to the time of the delivery of the cars, so as to permit delivery at any time.

The defendants paid drafts drawn for the three cars of flour shipped in November and a draft drawn for one car shipped in December, under the supposition that it had in fact been shipped in November. About the middle of January, 1903, however, they notified the plaintiff that three cars were all that had been shipped in contract time and that the December shipments were too late and would not be accepted. The plaintiff thereupon brought this action to recover damages for the defendants' refusal to accept and pay for five car loads of flour shipped in December and the one car load shipped in January, alleging separately the modification of the original contract and (by an amendment of the complaint at the beginning of the trial) the waiver as to the time of performance, to which reference has already been made. The learned justice before whom the case was tried without a jury made the following finding in reference to such alleged modification and such alleged waiver : " III. That after the making of such contract and before the time limited for the performance thereof had expired negotiations were had

between the plaintiff and defendants for an extension of the time for the delivery of such flour, and the time for such delivery was extended, and the provision of said contract requiring delivery in the month of November was waived by the defendants, and permission given by said defendants to string the delivery of said cars not shipped in the month of November along through the month of December." The learned trial judge also found, as matter of fact, that the plaintiff suffered a loss of $300.72 on each of the six cars which the defendants refused to accept, and as a conclusion of law that the defendants were liable in that amount for each of the five cars shipped in December (allowing nothing for their refusal to accept the car shipped in January). Accordingly he directed the judgment in favor of the plaintiff which has been reversed by the Appellate Division.

In the prevailing opinion below the reversal is placed mainly on the ground that there is no evidence to sustain the finding that *before* the expiration of the time fixed for the delivery of the flour the contract was modified in respect to the time of delivery. As to the other claim of the plaintiff, that there was a waiver of the time limitation, irrespective of the alleged modification before default, it was held that the judgment of the trial court had proceeded upon an entirely different theory and that upon the appeal then before the court the plaintiff was " limited to the conclusion reached by the trial justice that the time of delivery was extended *before* it expired."

We are unable to concur in this view as to the scope of the finding in question. We construe it to be both a finding of a modification before breach and a finding of a waiver, and assuming that the learned Appellate Division was right in holding that there was no evidence to uphold the finding as to the alleged modification, we cannot say that the finding of a waiver was without evidence to support it. If thus supported it affords an adequate basis for the conclusion of law that the plaintiff was entitled to recover, and the reversal cannot be sustained.

The negotiations in the city of New York were carried on between Haymen & Bowlin, a firm of brokers representing the plaintiff, and Albert Brandley, the flour buyer for the defendants' firm, Austin, Nichols & Co. According to the testimony of Lorenzo D. Bowlin, one of the plaintiff's brokers, he had a conversation with Mr. Brandley in the latter part of November, 1902, which he narrates as follows:

"He says to me, 'Mr. Bowlin, I wish you would write Mr. Birkett and ask him if it would suit him just as well to have that flour distributed through December as to have it all come the latter part of this month.' I said, 'I will do that, Mr. Brandley.' That was just a few days before the last of the month. He said, 'String it along through December.' That was the expression he used. I had a conversation with him on the subject after that date. Either the last of November or the first of December I had a conversation with him on the subject of the delivery of this flour at that time. Mr. Brandley asked me if I had written Birkett with reference to distributing their December flour, and I told him that I thought we had written Mr. Birkett. That was about the only conversation with reference to the shipment of it."

Here we have not only the evidence of a consent that deliveries thereafter to be made might be made in December instead of November, but evidence of an express request on the part of the purchasers of the flour that the future shipments should be thus postponed. It is true that this consent does not appear to have been communicated by the broker to the plaintiff until December 1, 1902; but the plaintiff had learned of it as early as the 2nd, for under that date he wrote to the broker expressing his satisfaction that he could get a little extra time on the delivery of Austin, Nichols & Co.'s order; and he did in fact "string" the subsequent deliveries along through December, precisely as the defendants had desired, the court having found that the shipments were made on the 5th, 13th, 19th, 24th, 27th and 29th days of that month. As each car was shipped the plaintiff sent an invoice thereof to the defendants and drew sight drafts for the purchase

price of each shipment. The defendants were also informed of the arrival of the cars at New York. The invoices were retained without objection, so far as appears, and the defendants manifested no intention of rejecting any of the goods until about the middle of January, 1903, when they notified the plaintiff, for the first time, that the December shipments would not be accepted.

We think that the oral consent given by the agent of the defendants to the agents of the plaintiff in the latter part of November, 1902, that the shipments of flour yet to be made under the written contract could be made in December, 1902, together with the evidence as to the shipments actually made in December, and the conduct of the defendants in reference thereto, authorized the inference of a waiver completely executed. (See *Thomson* v. *Poor*, 147 N. Y. 402.)

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs.

GRAY, EDWARD T. BARTLETT, HAIGHT, VANN and CHASE, JJ., concur; CULLEN, Ch. J., absent.

Ordered accordingly.