DONALD McKELLAR, Appellant, v. AMERICAN SYNTHETIC
    DYES, INCORPORATED, Respondent.

Appeal — motion for new trial no longer necessary to bring
up for review questions of fact — when reversal of judgment by
Appellate Division must be presumed to be upon question of
law not of fact — such a reversal can be reviewed only upon
proper exceptions.

1. An appeal from a judgment rendered on a jury trial now brings
up questions of fact as well as questions of law; hence a motion for a
new trial before the facts can be considered by the Appellate Division
is no longer necessary. (Code Civ. Pro. § 1346; amd. L. 1914, ch.
351.)

2. It is now to be conclusively presumed that a reversal of judgments
in common-law actions made by the Appellate Division is not on a
question of fact unless it be so plainly stated. (Code Civ. Pro.
§ 1338; amd. L. 1912, ch. 361.)

3. The trial court construed a contract in a manner claimed to be
injurious to plaintiff. No exception was taken, nor was there any
request to charge so as to raise the question. The Appellate Division
reversed both the judgment and order and granted a new trial. *Held*,
that it must be assumed that the reversal is based on the law and not
upon the facts or on discretion, and there being no error of the law the
action of the Appellate Division must be reversed and the judgment
of the trial court reinstated.

*McKellar* v. *American Synthetic Dyes, Inc.*, 181 App. Div. 371,
reversed.

(Argued April 21, 1920; decided June 1, 1920.)

APPEAL from an order of the Appellate Division of the
Supreme Court in the second judicial department, entered
January 25, 1918, reversing a judgment in favor of
plaintiff entered upon a verdict and granting a new trial
in an action to recover brokerage commissions.

*Henry A. Uterhart, Stephen C. Baldwin* and *Charles H.
Tuttle* for appellant. The order of the Appellate Division
containing no statement specifying the grounds of reversal,
it must be conclusively presumed that the reversal was
on questions of law. (Code Civ. Pro. § 1338; *Moore* v.

*V. P. Cement Co.*, 220 N. Y. 320; *Cannon* v. *Fargo*, 222 N. Y. 321; *Conway* v. *Naylor*, 222 N. Y. 437; *Gilhoolcy* v. *Burgard*, 225 N. Y. 445; *Seneca Dist. Co.* v. *Fulton*, 227 N. Y. 48.) The evidence required the submission of the case to the jury, and the exceptions present no improper rulings, so that there was no error of law justifying the action of the Appellate Division. (*Smith* v. *McGovern*, 65 N. Y. 574; *Sussdorf* v. *Schmidt*, 55 N. Y. 319; *Lloyd* v. *Mathews*, 51 N. Y. 124; *Ware* v. *Dos Passos*, 162 N. Y. 281; *Diamond* v. *Wheeler*, 80 App. Div. 58; *Morgan* v. *Mason*, 4 E. D. Smith, 636; *Ames* v. *McNalley*, 6 Misc. Rep. 93; *Gemunder* v. *Hauser*, 6 Misc. Rep. 210; *McMillan* v. *Beves*, 147 Fed. Rep. 218, 220; *Peckham* v. *Ashurst*, 18 R. I. 376.)

*Roger B. Hull* for respondent.

ANDREWS, J. In his charge to the jury the trial judge gave a construction to a written contract which it is now said was injurious to the defendant and erroneous. No objection was made by it, however. No exception was taken nor was there any request to so charge as to raise the question. The result was a verdict for the plaintiff. A motion for a new trial was denied and from the order resulting and from the judgment entered upon the verdict an appeal was taken. The Appellate Division by its order simply reversed both the judgment and the order appealed from and granted a new trial. The plaintiff thereupon appealed to this court.

Originally after a jury trial an appeal to the Appellate Division from the judgment and from an order refusing a new trial brought up for review two classes of questions. The first were questions of law. They were only raised by exceptions to rulings of the trial court (*Vollkommer* v. *Cody*, 177 N. Y. 124; *Collier* v. *Collins*, 172 N. Y. 99), and were called to the attention of the higher court either by appeal from the judgment or by an appeal

from an order denying a motion for a new trial on exceptions. The second were matters of fact also considered upon the denial of a like motion made upon grounds specified under section 999 of the Code of Civil Procedure. Under the power so conferred, the Appellate Division, but not the Court of Appeals, might reverse a judgment and order because of erroneous rulings of the trial court even where no exception was taken. (*Standard Oil Co.* v. *Amazon Ins. Co.*, 79 N. Y. 506; *Allen* v. *Corn Exchange Bank*, 181 N. Y. 278; *Alden* v. *Knights of Maccabees*, 178 N. Y. 535.) The question presented was whether because of the ruling the defeated party has had a fair trial. It was a question of fact. The answer was confided to the discretion of the Supreme Court. Further any reversal on such an appeal was presumed to be upon the facts. We, however, are confined to a review of the law. Before us, therefore, it had to appear that while the judgment itself was reversed the order was affirmed or the appeal from it was dismissed (Cardozo on the Court of Appeals, p. 33), unless the motion for a new trial was based solely on exceptions taken. (*Kennicutt* v. *Parmalee*, 109 N. Y. 650.) In that case, as in the case of an appeal from the judgment alone, only questions of law could have been reviewed by the Appellate Division and so its action might in turn be reviewed by us. Ordinarily, however, an appeal from the reversal of the judgment and the order brought before us nothing which we might consider. unless it appeared affirmatively that the Appellate Division had passed upon the facts and found no error in the result obtained in the court below.

An illustration of the practice is found in *People* v. *Huson* (187 N. Y. 97). The defendant was convicted of assault. The charge in regard to this crime was said to be erroneous, but no exception was taken. A motion for a new trial was denied. An appeal from this order and from the judgment resulted in a reversal " upon

questions of law only, the facts having been examined and no error found therein." Upon appeal to this court we held that in the absence of an exception, there was no question of law involved. The Appellate Division might not " create an error of law by certifying that there is one." The motion for a new trial brought up nothing which we might review.

The rule requiring a motion for a new trial before the facts could be considered by the Appellate Division was, however, changed by chapter 351 of the Laws of 1914. Now an appeal from a judgment rendered on a jury trial brings up for review questions of fact as well as questions of law. (*Middleton* v. *Whitridge*, 213 N. Y. 499.) More important as bearing upon the jurisdiction of this court, the amendment of section 1338 of the Code passed in 1912 changed the presumption as to reversals of judgments in common-law actions made by the Appellate Division. It is now conclusively to be presumed that in such a case the reversal was not on a question of fact unless it be so plainly stated.

We have here, therefore, a reversal which we must assume to be not based on the facts, not based on discretion but based on the law. The situation is identical with the one that existed in the *Huson* case. Our attention is called to but one exception. The evidence which was excluded was immaterial and the action of the trial judge was right. There being, therefore, no error of law in the case which justifies the action of the Appellate Division we must reverse its order and reinstate the judgment of the trial court.

The judgment of the Appellate Division should be reversed and that of the Trial Term reinstated, with costs to the appellant in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, COLLIN, CARDOZO, POUND and CRANE, JJ., concur.

Judgment accordingly.