THE PEOPLE OF THE STATE OF NEW YORK, Appellant,
v. GEORGE H. DAVIS, Respondent.

**Appeal — Appellate Division has no power, as matter of law, to reverse judgment entered on verdict where no motion to dismiss complaint or for·direction of verdict has been made — action to recover penalties for violation of Agricultural Law.**

1. A defendant, by not making a motion at the close of the evidence to dismiss the complaint or for the direction of a verdict in his favor, in legal effect admits there is a question of fact to be passed upon and consents that the same be submitted to the jury, and where the jury resolves such issue of fact in favor of plaintiff the Appellate Division has no power, as matter of law, to reverse the judgment entered on the verdict.

2. In an action to recover penalties for a violation of the Agricultural Law (Cons. Laws, ch. 1), at the conclusion of the evidence defendant failed to move that the complaint be dismissed, or that a verdict be directed in his favor and the case was sent to the jury with instructions to which no exception was taken. The jury found a verdict in favor of the plaintiff, upon which judgment was entered. The Appellate Division reversed the judgment as matter of law, holding there was no evidence to go to the jury and dismissed the complaint. *Held*, error.

*People* v. *Davis*, 189 App. Div. 301, reversed.

(Argued March 9, 1921; decided April 19, 1921.)

APPEAL from a judgment, entered January 26, 1920, upon an order of the Appellate Division of the Supreme Court in the third judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Charles D. Newton*, Attorney-General (*C. T. Dawes* and *T. Paul McGannon* of counsel), for appellant. The jury has found that the defendant condemned the cows for tuberculosis, and inflicted the penalty for failure to report them. Whether the cows were in fact so diseased is immaterial. (Cons. Laws, ch. 1, §§ 93, 98, 101, 102.)

*H. B. Sewell* for respondent. A verdict that is clearly against the instructions should be set aside. (*Cavin* v.

*O'Rourke Eng. Co.,* 116 N. Y. Supp. 652; *Feidman* v. *Levy,* 56 Misc. Rep. 564; *White* v. *Robinson,* 153 App. Div. 776; *Bigelow* v. *Garwitz,* 15 N. Y. Supp. 940; *Powers* v. *Gouraud,* 118 N. Y. 383.) A verdict which the law does not authorize the jury to render on the evidence, because the conclusions drawn are not justified by the evidence, is a verdict contrary to law, and should be set aside. (*Tucker* v. *O'Brien,* 117 N. Y. Supp. 1010; *Candee* v. *Penn. R. R. Co.,* 147 N. Y. Supp. 529.)

McLAUGHLIN, J. This action was brought to recover penalties for a violation of the Agricultural Law (Cons. Laws, chap. 1; Laws of 1909, chap. 9). The complaint set out four causes of action, but at the conclusion of the evidence the plaintiff elected to go to the jury on only the first and fourth.

The first cause of action alleges, in substance, that the defendant, at the time stated in the complaint, was a duly licensed veterinarian, practicing as such at Sidney, N. Y.; that on the 1st of May, 1916, as such veterinarian, he went to the farm of one George W. Fenner; that after examining his herd of cows he condemned one cow as tubercular, put a tag in her ear and ordered Fenner to dispose of her; that the following day defendant returned to the farm for the purpose of ascertaining whether the cow had been disposed of, and again ordered Fenner to do so at once, stating that she was tubercular; that the defendant did not immediately thereafter, nor at any time, report to the commissioner of agriculture of the state of New York in writing that the cow was tubercular, or in any way comply with section 98 of the Agricultural Law; that by reason of such violation on his part the plaintiff became entitled to recover from him the penalty provided in section 52 of such law.

Substantially the same allegations were set out in the fourth cause of action, except that the cow condemned belonged to one Teed.

The answer admitted that the defendant was a veterinary, practicing as such; that he made a physical examination of the cows on the farm of Fenner, as set out in the first cause of action, but denied that he condemned as tubercular, or ordered disposed of, any of said cows. Substantially the same admissions and denials were made as to the fourth cause of action.

At the conclusion of the evidence the defendant did not move that the complaint be dismissed, or that a verdict be directed in his favor. The case was sent to the jury with instructions, to which no exceptions were taken, that if it found that defendant did condemn the cows referred to as tubercular and order them disposed of for that reason, then plaintiff was entitled to recover; that if, on the other hand, it found defendant did not condemn the cows as tubercular, but condemned them as being afflicted with some other disease, then the verdict would be for defendant for no cause of action. The jury found a verdict in favor of the plaintiff, upon which judgment was entered, an appeal taken to the Appellate Division, which reversed (one of the justices dissenting) the judgment as matter of law, holding there was no evidence to go to the jury, and dismissed the complaint. The appeal to this court followed.

So much of section 98 of the Agricultural Law (L. 1909, ch. 9), to which reference has been made, as is material reads:

" All veterinarians in the state shall immediately report to the commissioner of agriculture the existence among animals of any infectious or communicable disease coming to their knowledge. The report shall be made in writing and shall include a description of the diseased animal or animals, the name and address of the owner or person in charge of the animal, if known, and a statement as to the location of the animal."

It was conceded at the trial that the defendant did not make a report to the commissioner of agriculture as

required by the provision of the statute quoted. The issue of fact to be determined by the jury was the one which the trial court submitted to it, viz., whether the defendant did, after examining the cows, declare them to be tubercular and for that reason order their respective owners to dispose of them. The jury resolved this issue of fact in favor of the plaintiff, and the Appellate Division had no power as a matter of law (*McKellar* v. *Am. Synthetic Dyes*, 229 N. Y. 106) to reverse the judgment entered on such verdict, for the obvious reason that the defendant, by not making a motion at the close of the evidence to dismiss the complaint, or for the direction of a verdict in his favor, thereby, in legal effect, admitted there was such fact to be passed upon and consented that the same be submitted to the jury. There are numerous authorities to this effect, only a few of which it is necessary to cite: *Seeman* v. *Levine* (205 N. Y. 514); *Sigua Iron Co.* v. *Brown* (171 N. Y. 488); *Wangner* v. *Grimm* (169 N. Y. 421); *Hopkins* v. *Clark* (158 N. Y. 299); *City of Buffalo* v. *N. Y., L. E. & W. R. R. Co.* (152 N. Y. 276).

It follows, therefore, that on the record in the Appellate Division no questions of law were presented other than those raised by the exceptions to the ruling upon evidence. (*McKinley* v. *Hessen*, 202 N. Y. 24; *Birkett* v. *Nichols*, 184 N. Y. 315.) The Appellate Division did not reverse on the exceptions to the admission of evidence, but placed its decision upon the ground that there was no evidence to go to the jury.

The jurisdiction of this court is limited to the review of questions of law (Code of Civil Procedure, sec. 191) and such review can only be made when raised at the trial by a proper exception. (*Wangner* v. *Grimm, supra; Sullivan* v. *Dunham*, 161 N. Y. 290.) A careful consideration of the record fails to disclose any exception which would justify this court in interfering with the judgment of the Trial Term.

It follows that the judgment of the Appellate Division must be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, CRANE and ANDREWS, JJ., concur.

Judgment reversed, etc.