JAMES CARSTAIRS and Others, Copartners Doing Business as CARSTAIRS & COMPANY, Respondents, *v.* JAMES SPEAR, JR., Defendant, Impleaded with HELEN M. SPEAR, Appellant.

First Department, May 12, 1922.

Fraudulent conveyances — bill of sale of personal property from husband to wife, constituting voluntary assignment, set aside — husband indebted to plaintiffs — actual fraud on part of both husband and wife — immaterial whether husband remained solvent after transfer — rule not limited territorially — Personal Property Law, § 35 — rule at common law.

A bill of sale of personal property from husband to wife, executed without valuable consideration, when the husband was indebted to the plaintiffs, constitutes a voluntary assignment and will be set aside, where it appears that the transfer involved actual fraud on the part of the husband participated in by the wife.

Where there is actual fraud, it is immaterial whether the debtor is still solvent after the transfer, and the rule is not limited in its application to resident plaintiffs or to transfers within the jurisdiction of the court in which the remedy is invoked.

Under section 35 of the Personal Property Law of this State, following the common law, such a transfer of property by a debtor is void as against his creditors, and it seems that in the absence of evidence with respect to the statutory law of Pennsylvania, it must be assumed that the common law governs.

APPEAL by the defendant, Helen M. Spear, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 17th day of August, 1921, upon the decision of the court rendered after a trial at the New York Special Term, adjudging the bill of sale dated April 30, 1918, from the defendant James Spear, Jr., to the defendant Helen M. Spear as fraudulent, null and void and of no effect, and further adjudging the title to the personal property therein set forth as being in the defendant James Spear, Jr., and enjoining and restraining the defendant Helen M. Spear from disposing of the said personal property.

*John J. O'Connell* of counsel [*Herman H. Levy* with him on the brief], for the appellant.

*Holmes, Rogers & Carpenter* [*Charles P. Rogers* of counsel], for the respondents.

LAUGHLIN, J.:

On the 30th of January, 1920, a judgment by confession for $26,302.75 was duly entered in the Supreme Court, New York county, in favor of the plaintiffs and against the defendant James Spear, Jr. Execution was duly issued on the judgment, and under it the sheriff levied on certain personal property in the possession of the appellant, who asserted title thereto. Her claim with respect to the property was presented to and tried by a sheriff's jury in the manner prescribed in sections 1418 and 1419 of the Code of Civil Procedure, and a verdict was rendered in her favor. The judgment creditors thereupon, pursuant to the provisions of said sections of the Code of Civil Procedure, as construed by the dissenting opinion in this court in *Gilmour Door Co.* v. *Shea* (150 App. Div. 239), upon which the Court of Appeals reversed the decision (217 N. Y. 697), brought this action in aid of the execution to set aside a bill of sale of the property by the defendant James Spear, Jr., to the appellant, who was his wife. Appellant's only claim to the property was under the bill of sale, which was executed on the 30th of April, 1918, at Philadelphia, Penn., and delivered in May or June thereafter. It was conceded by the attorney for the appellant that at the time the bill of sale was executed and delivered her husband was indebted to the plaintiffs, a firm of stockbrokers engaged in business at Philadelphia, in the sum of $12,000, and that his indebtedness to them increased to $26,000 in January, 1920, and that the property included in the bill of sale was of the value of $4,000. The attorney who represented the plaintiffs in Philadelphia was permitted to testify without objection that on the 29th of January, 1920, a judgment was entered in favor of the plaintiffs against the husband of the appellant for $26,200 on a judgment note dated January 9, 1920. The husband of the appellant testified that when he delivered the bill of sale to his wife, he stated to her that he was indebted to the brokers and also owed money for the support of his child by a former marriage and was then unable to pay it, and that his debtors were pressing him and that he gave her the bill of sale so that there might not be a sheriff's levy on the property, and that she agreed to hold the bill of sale and to give it back to him when he wanted it; that he and his wife subsequently separated and she sued him for divorce and thereafter, and on the day the judgment was entered in Philadelphia,

she removed the property from their house in a suburb of Philadelphia and shipped it to New York city, where it was subsequently levied upon.   Plaintiffs alleged that the bill of sale was executed by the appellant's husband for the purpose of hindering, delaying and defrauding his creditors and was accepted by her without consideration and with full knowledge that such was his intent. It stands admitted by the pleadings that the property remained in the possession of the husband of the appellant until the 29th of January, 1920, and that he was not indebted to her at the time he executed the bill of sale.   Appellant testified that when her husband delivered the bill of sale to her he was in the American Protective League or the Naval Intelligence Service, and that he expressed himself as being worried and apprehensive of danger and said that he would feel much better if he knew she was taken care of in the event that something happened to him; that he had spoken several times of giving her the property covered by the bill of sale and stated that he had gone to his attorney and had drawn it up, and that she took it and placed it in her desk in the house at Wallingford, a suburb of Philadelphia, where they resided.   She denied that her husband stated that his purpose in giving her a bill of sale was to prevent his creditors from reaching the property or that she agreed to redeliver it to him.

On the uncontroverted evidence, the execution and delivery of the bill of sale to the appellant by her husband constituted a voluntary assignment of the property, and it was conceded that he owed the plaintiffs at that time some $12,000.   Therefore, under the rule which has obtained in this jurisdiction since *Kain* v. *Larkin* (131 N. Y. 300) was overruled, the bill of sale, if it had been executed here, would be presumed to be fraudulent as against the creditors of the husband, and the wife would have had the burden of rebutting this presumption by showing that her husband remained solvent. (*Ga Nun* v. *Palmer*, 216 N. Y. 603; *Kerker* v. *Levy*, 206 id. 109; *Wilks* v. *Greacen*, 155 App. Div. 623; *Smith* v. *Reid*, 134 N. Y. 568.) In *Kain* v. *Larkin* (*supra*) it was held that this presumption only attaches when it appears that the debtor did not retain sufficient property to pay his debts, and that a judgment creditor has the burden of showing this, on the theory that a transfer or conveyance could not be made to hinder, delay or defraud creditors unless it left the debtor insolvent; but that is no longer the rule.   Plaintiffs alleged that the execution and delivery of the bill of sale left appellant's husband insolvent, but in the first instance it offered no evidence on that point.   Counsel for the appellant, however, evidently with a view to showing that her husband remained solvent after this transfer, questioned him on the subject, and

thereafter other evidence was offered with respect thereto. This evidence tended to show that the appellant's husband retained an equity in the premises where they resided, which was worth at least $8,500 and that he had an equity of $6,500 in capital stock in a Philadelphia corporation, and an automobile which had been used several years, and an income of $30,000 per annum from a trust fund. If the judgment depended upon finding that this transfer left the appellant's husband insolvent or upon the finding that her husband is not the owner of other property sufficient to satisfy the judgment, it might be difficult to sustain it, for his attorney in Philadelphia was permitted to testify, over appellant's objections and exceptions duly taken on the ground that it was not the best evidence, to the contents of the trust instrument under which the appellant's husband received an income of $30,000 per annum. He testified that it was therein provided, among other things, that the interest of her husband should not be subject to levy under execution or attachment; that it was known as a spendthrift trust; that such trusts are sustained by the courts of Pennsylvania as not subject to execution or attachment, and that the interest of a beneficiary thereunder cannot be reached under a judgment. The learned court recognized that this was not the best evidence, but ruled that it would be taken subject to any correction appellant's counsel might wish to make. It does not appear whether he was in a position to determine with respect to the correctness of this testimony; and, in any event, he had a right to take and rely upon his exception. There is, however, a finding of actual fraud on the part of the husband participated in by the appellant, and it is supported by the testimony of the husband, which was competent for that purpose. (*Forbes* v. *Waller*, 25 N. Y. 430; *Hill* v. *Page*, 108 App. Div. 71.) The learned court accepted the testimony of the appellant's husband on this point, and we cannot say that the finding is against the weight of the evidence. The facts and circumstances indicate great activity on the part of the husband in assisting the plaintiffs in attempting to have the property covered by the bill of sale applied in reduction of his indebtedness to them; and if it were not for the finding of actual fraud, we might, on the theory argued by the learned counsel for the appellant that the transactions occurred in another jurisdiction, require more satisfactory evidence of the insolvency of the appellant's husband before permitting a bill of sale to be set aside as a voluntary transfer. But where there is actual fraud, it is immaterial whether the debtor remained solvent (*Vollkommer* v. *Cody*, 177 N. Y. 124; *Fox* v. *Moyer*, 54 id. 125; *Harding* v. *Elliott*, 91 Hun, 502. See, also, *Carpenter* v. *Roe*, 10 N. Y. 227; *Carr* v. *Breese*, 81 id. 584),

and we know of no principle of equity limiting the application of that rule either to resident plaintiffs or to transfers within the jurisdiction of the court in which the remedy is invoked.

Our statute (Pers. Prop. Law, § 35), following the common law, declares such a transfer of property by a debtor void as against his creditors; and there being no evidence with respect to the statutory law of Pennsylvania it must be assumed that the common law governs.

It follows, therefore, that the judgment should be affirmed, but without costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Judgment affirmed, without costs.