THE PETERSEN OVEN COMPANY, Appellant, *v.* SALVATORE F. GUARINO and Another, Respondents.

Fourth Department, June 28, 1927.

Sales — action to recover balance of purchase price of baker's built-in oven — defense of breach of warranty and counterclaim for amount paid — after notice of rescission defendants leased building and oven — plaintiff by failing to move for nonsuit or directed verdict conceded question of fact as to rescission — judgment cannot be reversed as matter of law — waiver of notice of rescission by leasing was before jury though not pleaded — under Personal Property Law, § 150, subds. 3 and 5, leasing waived notice of rescission — on failure of plaintiff to remove oven defendants could have foreclosed lien for amount paid down.

This is an action to recover the balance alleged to be due on a contract for the installation of a baker's oven, and the defendants have interposed a defense of breach of warranty and a counterclaim for the amount paid on the oven.    It

appears that after the defendants ascertained that the oven was not as warranted, they served on the plaintiff a notice of rescission but thereafter leased the building and oven.    The question of rescission was submitted to the jury without exception.    The plaintiff, having failed to move for a nonsuit as to defendants' counterclaim or for a directed verdict at the close of the evidence, conceded that there was a question of fact for the determination of the jury, and the Appellate Division cannot reverse the judgment as a matter of law, but is required to pass upon the question of the weight of evidence.

The waiver of notice of rescission by leasing the oven is available to the defendant although not pleaded, since the question of failure to plead was not raised at the trial and the testimony of waiver of notice was admitted without objection and the question was submitted without exception.

Under subdivision 3 of section 150 of the Personal Property Law, the defendants, with knowledge of the breach of warranty, having leased the building and oven are precluded from thereafter rescinding the contract of sale on the ground of breach of warranty, for under the circumstances the leasing of the oven constituted an acceptance thereof.

The contention that the ordinary rule applicable to the rescission of the sale of personal property should not apply because of the character of the oven which was built into the building cannot be sustained, for under subdivision 5 of section 150 of the Personal Property Law a buyer, where the seller refuses to accept an offer to return the goods upon a rescission, may hold the goods as bailee subject to a lien to secure the repayment of any portion of the price which has been paid.    The defendants could have foreclosed their lien and fixed the value of the oven by selling it, either at public or private sale.

APPEAL by the plaintiff, The Peterson Oven Company, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Niagara on the 20th day of April, 1926, upon the verdict of a jury, and also from an order entered in said clerk's office on the 24th day of April, 1926, denying plaintiff's motion for a new trial made upon the minutes.

*Moore & Killian* [*Robert J. Moore* of counsel], for the appellant.

*Angelo F. Scalzo* [*Augustus Thibaudeau* of counsel], for the respondents.

HUBBS, P. J.    The plaintiff contracted to erect a baking oven for the defendants for the sum of $2,800.    After the oven was erected the defendants paid $1,200 to apply on the purchase price. This action is to recover the sum of $1,600, the balance of said purchase price.

The defendants, in their answer, pleaded a breach of warranty as a complete defense.    They also pleaded a rescission of the sale because of such breach of warranty and counterclaimed for the sum of $1,200 paid on the contract.    The plaintiff served a reply which, in effect, was a denial of the counterclaim.

The defendants introduced testimony tending to sustain the defense of breach of warranty, also testimony tending to establish

rescission of the sale. The oven in question was contained in a building owned by the defendants. The oven was constructed of brick, concrete and iron, and stood upon a concrete foundation. It weighed eighty or ninety tons. It is conceded that the plaintiff failed to remove the oven after notice of rescission. The oven was completed on September 18, 1923, and turned over to the defendants. It took sometime for it to dry out. After it had dried out the defendants attempted to use it, but according to their testimony it did not operate properly. According to the defendants' testimony, notice of rescission was given to the plaintiff a few days later.

The defendants leased the building, oven and apparatus used in the baking business for a period of three years at a rental of $120 per month. The testimony in regard to the lease was received without objection. The learned trial court submitted the question of rescission to the jury and instructed it that in determining that question it should take into consideration the fact that the defendants leased the oven after giving notice of rescission. No exception was taken by the plaintiff to the submission of that question to the jury.

The testimony offered by the defendants upon the question of notice of rescission was contradicted by the plaintiff. It was conceded, apparently, by counsel, that the question of whether there had been a rescission of the sale was a question of fact to be determined by the jury.

It is now urged by the plaintiff that the question of rescission was improperly submitted to the jury, and that, as a matter of law, there was no rescission because the defendants, when they leased the oven accepted it as a matter of law and precluded themselves from urging the defense of rescission. The plaintiff failed to move for a nonsuit as to defendants' counterclaim or for a directed verdict at the close of the evidence. The plaintiff, by failing to move, conceded that there was a question of fact for the determination of the jury and we cannot reverse the judgment as a matter of law. (*People* v. *Davis*, 231 N. Y. 60.)

It is urged by the defendants that the waiver of notice of rescission by leasing the oven is not available to plaintiff because it was not pleaded in the reply. No such question was raised at the trial. The testimony was received without objection, the pleadings were treated as sufficient, and the question was submitted to the jury without exception.

While we are precluded by the procedure followed at the trial from determining the question of rescission as a matter of law, we are required to pass upon the question of the weight of evidence. Subdivision 3 of section 150 of the Personal Property Law (as added

by Laws of 1911, chap. 571) reads: " Where the goods have been delivered to the buyer, he cannot rescind the sale if he knew of the breach of warranty when he accepted the goods." When the defendants leased the building and oven they knew of the alleged breach of warranty. With that knowledge they entered into a written lease for a term of three years at a rental of $120 per month. The building and oven were leased to a baker and the defendants knew that the oven was to be used for baking purposes by the lessee. Under such circumstances, the leasing of the oven constituted an acceptance of it after knowledge of the alleged breach of warranty and prevents a rescission of the sale. (2 Williston Sales [2d ed.], 1530, § 611, and cases cited; *Scriven* v. *Hecht*, 287 Fed. 853; *Gordon Dryer Co.* v. *Staier Chemical Co.*, 191 N. Y. Supp. 201.)

It is urged that the ordinary rule applicable to the rescission of a sale of personal property should not apply because of the condition of the oven, its size, manner of construction, weight and the necessity of tearing it to pieces in order to remove it. The defendants contend that they should not be prevented from leasing their building because the plaintiff refused to remove the oven. Such argument overlooks the provisions of subdivision 5 of section 150 of the Personal Property Law (as added by Laws of 1911, chap. 571), which reads: " Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuses to accept an offer of the buyer to return the goods, the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid, and with the remedies for the enforcement of such lien allowed to an unpaid seller by section one hundred and thirty-four." The defendants could have foreclosed their lien and fixed the value of the oven by selling it, either at public or private sale. (*D'Aprile* v. *Turner-Looker Co.*, 239 N. Y. 427.)

The finding of the jury is contrary to and against the weight of the evidence. The judgment and order should be reversed upon the facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., CLARK, SEARS, CROUCH and SAWYER, JJ.

Judgment and order reversed on the facts and a new trial granted, with costs to appellant to abide event.