■ In the Matter of ROBERT J. NOBLE, an Infant, et al., Appellants, against SUFFOLK COUNTY, Respondent.— Appeal from an order denying an application for leave to serve a notice of claim for personal injuries and for medical expenses and loss of services pursuant to subdivision 5 of section 50-e of the General Municipal Law. Order unanimously affirmed, without costs. No opinion. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Hallinan, JJ.

■ RITA TAYLOR, Respondent, v. AINSLEY CREARY, JR., et al., Appellants. — In summary holdover proceedings to recover possession of real property, the appeal is by the tenants from an order of the County Court, Westchester County, which affirmed a final order of the City Court of New Rochelle setting aside the verdict of a jury in favor of the tenants and awarding possession of the premises to the landlord. Order of the County Court, Westchester County, reversed, final order of the City Court of New Rochelle vacated, and a new trial ordered, costs in all courts to abide the event. The verdict was set aside on the ground that an alleged oral agreement for a three-year lease, relied upon by the appellants as a defense to the proceedings, was not taken out of the Statute of Frauds (Real Property Law, §§ 242, 259) by part performance on the part of appellants. In substance, the acts which appellants claimed constituted part performance were their entry into possession of the apartment, payment of rent, painting the premises and making some repairs thereto. If the question were presented for determination, we would be inclined to agree with the courts below that those acts were not "unequivocally referable" to the alleged agreement and so did not constitute the part performance requisite to remove the bar of the Statute of Frauds. (Cf. *Burns* v. *McCormick*, 233 N. Y. 230, 232–233; *Rosen* v. *250 West 50 St. Corp.*, 270 App. Div. 171, affd. 296 N. Y. 567; *Rosenwald* v. *Goldfein*, 3 A D 2d 206, 210). However, as the case was finally submitted to the jury under the court's charge, that question was not passed upon by them and may not be decided on this record. Under the circumstances disclosed, the verdict should have been set aside not only for the reasons stated, but also because of the trial court's failure to instruct the jury adequately as to the only issues properly before them. However, it was error to grant a final order to respondent. Respondent failed to move for a directed verdict at the close of all the evidence, thereby conceding that there was a question of fact to be passed upon by the jury (cf. *People* v. *Davis*, 231 N. Y. 60, 63) and after the verdict was received the court could not direct judgment in favor of respondent under section 457-a of the Civil Practice Act (*Buxhoeveden* v. *Estonian State Bank*, 279 App. Div. 1089; 6 Carmody-Wait on New York Practice, pp. 709, 717). It is also our opinion that dismissal of the proceedings was not required because of the failure of the petition to allege that a third party was a co-owner of the premises with respondent. At most, there was a defect of parties, and an action or proceeding will not be dismissed for nonjoinder or misjoinder of parties except as provided in section 193 of the Civil Practice Act, and then only when the objection has been raised as set forth in rule 102 of the Rules of Civil Practice (*Carruthers* v. *Waite Min. Co.*, 306 N. Y. 136). That procedure not having been followed, appellants' motion to dismiss, made at the trial, was properly denied. Nolan, P. J., Wenzel, Beldock, Murphy and Hallinan, JJ., concur.